THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione* Martin Ballou, Complainant, *v.* JESSE K. DUBOIS, Auditor of the State of Illinois, Respondent.

### APPLICATION FOR A MANDAMUS.

The constitution creates the office of circuit judge, and fixes the term of office; the General Assembly creates the circuits; but the latter cannot deprive a judge of his office and compensation, by creating a new circuit out of the territory from which he was elected. Once elected, a circuit judge holds his office under the constitution, unless removed in the mode prescribed by it.

THIS was an application for a peremptory mandamus, founded upon the following agreed case:

It is agreed by the parties in this case, that, under and by virtue of the provisions of an act entitled, "An act to establish the twenty-third judicial circuit, and to fix the times for holding courts in the ninth judicial circuit," approved February 10th, 1857, at a regular election for judge and state's attorney, for the said twenty-third judicial circuit, held in the counties of Bureau, Putnam and Marshall, in said State, on the 14th day of March, A. D. 1857, Martin Ballou, of the county of Bureau aforesaid, the relator, was duly elected to the office of judge of said twenty-third judicial circuit, and afterwards, to wit, on the 31st day of March, A. D. 1857, in pursuance of his said election, was duly commissioned by the Governor of the State of Illinois, as such judge, and that he thereupon duly qualified, by taking and subscribing the several oaths, as required by the constitution and laws of this State, and entered upon the discharge of the duties of his said office of judge aforesaid, and exercised said office, and discharged the duties thereof, from that time until the May term of the Circuit Court of Marshall county, A. D. 1859, as hereinafter stated, and that he still claims to yet hold his said office by virtue of his election, commission and qualification aforesaid, which office he has not resigned.

It is further agreed, that, at the time of said Ballou's election aforesaid, he then resided and had resided in said Bureau county more than five years prior thereto, and was eligible to

said office, and at which place he has ever since resided, and still does reside.

It is further agreed, that, at an election for judge and state's attorney, held in the counties of Putnam, Marshall and Woodford, on the 5th day of April, A. D. 1859, under and by virtue of the provisions of an act entitled, " An act to repeal a certain act herein named, and to establish the twenty-third judicial circuit," approved the 11th day of February, A. D. 1859, Mark Bangs, of the county of Marshall, was elected to the office of judge of the twenty-third judicial circuit named in said last mentioned act, and, in pursuance of his said election, thereupon, on or about the 21st day of April, A. D. 1859, commissioned by the Governor of the State of Illinois, as such judge, and that he thereupon duly qualified, by taking and subscribing the several oaths, as required by the constitution and laws of this State, and that, at the time of his said election, he was eligible to said office.

That, at the May term of the Circuit Court of Marshall county, begun and held on the 1st Monday of May, 1859, (that being the time for holding the first term of any Circuit Court in the twenty-third judicial circuit named in said last mentioned act.subsequent to said election, as therein provided,) said Ballou duly attended at the place of. holding the said Circuit Court of Marshall county, and was. then and there ready, willing, and offered to hold the said court, and the courts in said circuit, and to exercise and discharge all the duties of judge of said judicial circuit ; but that said Mark Bangs, claiming to hold the office of judge of said judicial circuit, under and by virtue of his election, commission and qualification aforesaid, then and there took possession of said office of judge of said judicial circuit, and held the aforesaid May term of said Circuit Court, (except as hereinafter named,) and exercised and discharged the duties of said office, and has ever since continued to exercise said office and discharge the duties thereof, and still claims to hold said office—so that said Ballou could not hold said May term of said court, or exercise the said office or discharge the duties thereof. And that, thereupon, said Ballou then and there instituted a suit in the Circuit Court of said Marshall county, at said May term thereof, by information in the nature of quo warranto, in the name of the People of the State of Illinois, *ex relatione* of Martin Ballou, against said Mark Bangs, for the purpose of determining the right aforesaid to said office, and thereupon such proceedings were had in said court, (Judge POWELL then presiding, at the request of said Bangs,) that judgment was rendered in said case in favor of said defendant therein, and thereupon an appeal was prayed by plaintiff, and said appeal allowed by said Circuit Court, to the Supreme Court of this State, and

where which appeal in said case is now pending and undetermined.

That said Ballou has duly made demand of the auditor of this State, to issue his warrant upon the treasurer of this State, for the payment of said Ballou's salary as judge aforesaid, which may have accrued and become due him subsequent to the 21st day of April, 1859, (that being the date of the commission issued as aforesaid to said Bangs,) with which demand and requirement said auditor refused to comply, and declines to issue any warrant for the payment of such salary, since the said 21st day of April, 1859, by reason of the election and commission of said Bangs, as aforesaid.

Now, it is hereby agreed to submit the question aforesaid to the Supreme Court, to be decided in the same way as though the application had been made in due form, the said Jesse K. Dubois waiving the issuing of a writ, and entering his appearance ; also waiving all questions of form, either in relation to the mode of proceeding, or otherwise.

If the Supreme Court shall be of opinion that said Ballou is lawfully entitled to the office of judge aforesaid, or is lawfully entitled to the payment of the salary of a judge aforesaid, then the court is to decide in favor of the relator, and a writ of peremptory mandamus may issue.

This agreement is to be deemed and taken for, and have the same effect as a petition, writ and return thereto, and as though all the regular proceedings and steps had been taken to obtain a peremptory mandamus.

Although it is not so stated in the agreed case, the act of the 11th of February, 1859, which established the twenty-third judicial circuit, in the second section thereof, provides, that the county of Bureau shall be attached to and become a part of the ninth judicial circuit, thereby leaving Judge Ballou without any territory over which to preside.

M. BALLOU, *pro se.*

J. B. WHITE, District Attorney, for the Auditor.

CATON, C. J.    The seventh section of the fifth article of the constitution, provides : " The State shall be divided into nine judicial districts, in each of which one circuit judge shall be elected by the qualified voters thereof, who shall hold his office for the term of six years, and until his successor shall be commissioned and qualified : *Provided*, the General Assembly may increase the number of circuits to meet the future exigencies of the State."

The fifteenth section of the same article provides: " On the first Monday of June, 1855, and every sixth year thereafter, an election shall be held for judges of the Circuit Courts : *Provided,* whenever an additional circuit is created, such provision may be made as to hold the second election of such additional judge at the regular elections herein provided for."

While, by these provisions of the constitution it will be seen the legislature is authorized to increase the number of judicial districts, the constitution itself creates the office of circuit judge in each district, and fixes the term of office of the circuit judges at six years, and till their successors are commissioned and qualified, except in the case of a new district being created, when it provides that the circuit judge for such district shall hold his office only till the next regular election for circuit judges, and till his successor is elected and qualified. The question is, can the legislature expel a circuit judge from his office by creating a new district, and taking from him the territory which constituted his district? The bare reading of the constitution must convince every one that it intended to prohibit such a proceeding. It was the intention of that instrument to place the judges entirely above and beyond the legislative control or interference, except by impeachment or address, as provided for in the twelfth section of the fifth article. It is the constitution which creates the office of circuit judge, and not the legislature. All the latter can do is to create new judicial districts, the constitution in advance having created the office of circuit judge for such district. The tenth section of the same article provides, that " the judges of the Supreme and Circuit Courts shall not be eligible to any other office or public trust, of profit, in this State, or the United States, during the term for which they are elected, nor for one year thereafter." If the legislature can legislate a judge out of office the next day after he is elected, he must stand disqualified for any other office or trust, of profit, for the remainder of the seven years; while it was the intention of the constitution that he should only be disqualified for one year after he went out of office, unless he voluntarily resigns, or is impeached or addressed out of office.

It is unnecessary now to say whether the legislature may, under the constitution, reduce the number of judicial districts by abolishing one and attaching its territory to others. If it may, then no doubt the office would cease upon the expiration of the term of the judge of such district; but till the expiration of his term, if he conducts himself properly and does not become disqualified, the constitution has not provided, nor has

it authorized any mode of expelling him from the office, which is created by the constitution, and which he holds under the constitution.

The peremptory writ of mandamus must issue.

*Peremptory mandamus awarded.*