THE STATE OF MISSOURI *ex rel.* JAMES H. VAIL, Relator, *v.* DANIEL M. DRAPER, STATE AUDITOR, Respondent.

1. *Courts, judicial — Abolition, etc.— Semble,* that the abolition or alteration of a judicial circuit will not abolish the office of the circuit judge.
2. *Courts — New circuits, acts creating — Judge — Commission — Salary —* Mandamus.— When the number used in designating a judicial circuit is also used in the commission issued to the judge, although the boundaries of his circuit are not designated, he is thereby constituted the judge of the territory which elected him. And the passage of an act of the Legislature constituting the same territory a new circuit denominated by a different number, and the appointment of another judge to preside over the circuit so designated, will not have the effect of vacating his office or invalidating his commission. And the judge originally commissioned will be entitled to *mandamus* against the State auditor in case of his refusal to issue a warrant for the proper salary, notwithstanding such legislation and appointment.

## Petition for Mandamus.

*Ira E. Leonard,* for relator, cited Const. of Mo., art. VI, §§ 14, 16–19; Commonwealth v. Gamble, 62 Penn. 343; Commonwealth v. Mann, 5 Watts & Serg., Penn., 403; People v.

The State of Missouri ex rel. Vail, Relator, v. Draper, State Auditor.

Dubois, 23 Ill. 547; People *ex rel.* Ballou v. Bangs, 24 Ill. 187; People v. Garey, 6 Cow. 642; 9 Cow. 640; State v. Messmore, 14 Wis. 163; Lowe v. Commonwealth, 3 Metc., Ky., 237; Commonwealth v. Sutherland, 3 Serg. & R. 145; Hoke v. Henderson, 4 Devereux, N. C., 1; Page v. Hardin, 8 B. Monr. 648; McCafferty v. Guyer, 9 P. F. Smith, 109; Bates v. Kimball, 1 Chip. 77; People v. Draper, 15 N. Y. 558; Moses Mand. 87; Citizens' Bank v. Wright, 6 Ohio St. 318; The People v. Pinckney *et al.*, 32 N. Y. 377; The State v. Dilloway, 2 Vroom, N. J., 42; State *ex rel.* Vail v. Draper, 48 Mo. 213; Barto v. Himrod, 4 Seld. 483; State *ex rel.* Circuit Att'y v. Cape Girardeau State Line R.R., 48 Mo. 468; 38 Mo. 419; State *ex rel.* Attorney-General v. Davis, 44 Mo. 129; State *ex rel.* Jackson v. Emerson, 39 Mo. 87; State of Ohio *ex rel.* Flinn v. Wright, 7 Ohio St. 333.

*Lay & Belch*, for respondent.

The general assembly may change, modify or abolish a statutory office, and the incumbent would hold subject to such change, modification or abolishment. (State *ex rel.* Davis v. Mann, 41 Mo. 395; State *ex rel.* Attorney-General v. Davis, 44 Mo. 129; Primm v. City of Carondelet, 23 Mo. 22.) And while it may be admitted that the office of circuit judge cannot be abolished nor the term changed, yet the circuits are prescribed or given by statute, and they may be changed, modified or altered by the statute. (6 Wend. 531; 18 Me. 109; 7 Ohio, 333; 62 Penn. St. 348; People *ex rel.* Ballou v. Bangs, 24 Ill. 184.)

ADAMS, Judge, delivered the opinion of the court.

This is a petition for *mandamus* upon the State auditor to compel him to issue to the relator a warrant for a quarter's salary alleged to be due the relator as judge of the Twenty-sixth, formerly Fifteenth, judicial circuit of this State. The facts of the case, as they appear from the record, are as follows: Under the law as it existed up to the 15th of March, 1872, the Fifteenth judicial circuit was composed of the counties of Iron, Reynolds, Washington and Jefferson. At the general election for judges, held in November, 1868, the relator was elected judge, and com-

missioned as such judge, of the Fifteenth judicial circuit by the governor. He qualified as such judge under the constitution and laws of this State, and entered upon his duties as such, and has continued in possession of the office, discharging its duties, until the present time. It further appears from the record that at the adjourned session of the Twenty-sixth general assembly an act was passed and approved the 15th of March, 1872, entitled "An act dividing the State into judicial circuits, prescribing the time of holding courts therein, and providing for the election of five additional circuit court judges and circuit attorneys." The twenty-seventh section of the act provides that the Twenty-sixth judicial circuit shall consist of the counties of Jefferson, Washington, Iron and Reynolds. These counties are the identical counties, and embrace the same territory, which constituted the former Fifteenth judicial circuit. Under section 16 of this act the counties of McDonald, Jasper, Newton and Lawrence, in the extreme southwest part of the State, are made to constitute the Fifteenth judicial circuit. The auditor, as a justification of his refusal to issue the warrant, sets up the fact that under this act Philip Pipkin was commissioned as judge of the Twenty-sixth judicial circuit, as created by this act, on the 24th of April, 1872, as appears by the register of civil officers of government in the office of Secretary of State.

It will be seen from this statement that the question arising upon this record is whether the relator by this act was ousted from his office, or, if not ousted, whether he is not now the judge of the new Fifteenth circuit instead of the present Twenty-sixth circuit.

I suppose it will not be seriously contended that the Legislature has the power to expel a circuit judge from his office by a simple act of legislation. This office is created by the constitution, and as long as there is a circuit over which the judge may preside he is entitled to hold his office until the expiration of his term, if he behaves himself properly. Whether the Legislature, by abolishing his circuit, can also abolish his office, is a question not necessarily presented by this record. The weight of authority, however, seems to be that the abolition or alteration of the circuit does not abolish the office. The independence of the judiciary

demands that this should be the case. (See Commonwealth v. Gamble, 62 Penn. 343; Commonwealth v. Mann, 5 Watts & Serg. 403; People v. Dubois, 23 Ill. 547; People *ex rel.* Ballou v. Bangs, 24 Ill. 187; People v. Garey, 6 Cow. 642; 9 Cow. 640; State v. Messmore, 14 Wis. 163; Lowe v. Commonwealth, 3 Metc., Ky., 237; Hoke v. Henderson, 4 Devereux, N. C., 1; Page v. Hardin, 8 B. Monr. 648.) But the act of the Legislature under consideration does not abolish the relator's office, nor does it change or modify his circuit. It leaves it precisely as it was before, except that the number by which it was designated is changed from Fifteenth to Twenty-sixth. The fourteenth section of the sixth article of the constitution provides that "the State shall be divided into convenient circuits, of which the county of St. Louis shall constitute one, for each of which, except as in the next succeeding section specified, a judge shall be elected by the qualified voters of the respective circuits," etc. It is also provided by the same section that "no judicial circuit shall be altered or changed at any session of the general assembly next preceding the general election for judges." The next succeeding section has relation to the organization of the court and election, etc., of judges for the Circuit Court of St. Louis county.

Convenient circuits mean territorial districts, and not the names by which such districts may be called. The numbering of the districts or circuits is only a convenient mode of designating them. They might have been designated by giving them the names of distinguished persons or places, or in any other mode, so as to distinguish them apart from each other. The name or number of the circuit constitutes no essential part of it. The entity is the territory embraced within certain boundaries, and that remains the same whether the name or number be changed or not. But when the number used in designating the circuit is also used in the commission issued to the judge, without inserting the boundaries of his circuit, he is thereby constituted judge of the territory which elected him. The simple change of the number designating his territory will not invalidate his commission as judge of that territory. He remains judge of the same territory notwithstanding the name or number of that territory is changed. It is urged,

however, that the simple change of number changes also his territory, and that he must remove to the number indicated by his commission, although it may cover territory two hundred miles distant.    If this be true, then the next Legislature may change the number again and drive him to another part of the State. and every succeeding Legislature might do likewise.    The constitution admits of no such construction.

The St. Louis circuit is designated in the commission of the St. Louis judges as the Eighth circuit, and the act of the Legislature designates the St. Louis circuit as the eighth in number. Now suppose the Legislature in a new act was to call it the tenth, and number the existing tenth as the eighth.    Would the five judges in St. Louis have to emigrate to find their circuit, or could they still remain as the judges of that particular territory notwithstanding its number had been changed to the tenth?    The absurdity of this carries its refutation on its very face, and yet there is no difference in numbering this circuit and numbering any of the others.    The number in either case is only used as a convenient mode of distinguishing one from another.

Under this view the relator is entitled to his warrant.    The return of the defendant is adjudged insufficient, and a peremptory *mandamus* granted.    The other judges concur.