HUMPHRY v. SADLER.

1. OFFICERS—PUBLIC: *Changing salary of, during term.*
   When an office is created by the Constitution, but the compensation is left to the discretion of the Legislature, it may be increased or diminished so as to affect the incumbent, whether it be by fees or by salary.

2. SAME: *Their election or appointment is no contract, &c.*
   The election or appointment to office creates no contract between the State and the officer, which is protected by that clause of the Federal Constitution inhibiting the impairing of contracts.

APPEAL from *Logan* Circuit Court.
Hon. J. H. ROGERS, Circuit Judge.

*T. C. Humphry, pro se.*

Mandamus lies to compel the performance of a ministerial duty, &c.   1 *Ark.*, 121.

Logan county was not named in the act of Nov. 30, 1875, and the amendatory act applied to *counties therein named.   Act Mar.* 21, 1881.

The act is unconstitutional; it is not in harmony with the spirit or letter of the constitutional provision governing *amendments.   Art.* 5, *sec.* 23, *Const.* 1874; *Cooley, Const. Lim., 4th Ed. p.* 107; *Ib.* 158.   Constitutional requirements are mandatory.   *Ib.* 182-3 *and notes.*

The office of County Judge is a Constitutional office. The salary was fixed by act Mch. 13, 1879, which has not been amended or repealed.

Salary cannot be changed during the term to effect incumbent.   3 *Ark.*, 285; 4 *Ib.* 220.

*H. G. Sadler*, pro se.

Relies on the act of 21st March, 1881.

SMITH, J.   At the general election in 1880, Humphry was elected Judge of the County Court of Logan county. The Constitution provided that he should hold his office for two years and receive such compensation for his services as might be provided by law.   *Const.* 1874, *Art.* VII, *sec's.* 29, 37.

The act òf March 13, 1879, fixed the salary of the County Judge of this county at $600 per annum.   The act of March 12th, 1881, reduced it to $500, the same to take effect on the first of April then next ensuing.   After the act went into force, the Clerk of the County Court refused to issue county warrants to the Judge in payment of his salary for more than $125 per quarter.   And Humphry applied to the Circuit Court for a mandamus to compel him to issue warrants to the amount of the salary as it was when he assumed the duties of the office.   But the writ was denied.

Humphry's petition is based upon the idea that his compensation could not be abridged during his continuance in office.   But the Constitution contains no limitation upon the power of the Legislature in the matter of augmentation or diminution of salaries, except as to those of the Governor, Secretary of State, Auditor, Treasurer, Attorney General, Commissioner of State Lands, Prosecuting Attorneys, Judges of the Supreme and Circuit Courts and members of the General Assembly. *Const.* 1874, *Art. XIX, sec.* 11.

When the office itself is created by the Constitution, but the compensation is left to the discretion of the Legislature, it may be increased or diminished so as to affect

the incumbent. · And it makes no difference whether the compensation be by fees or salary. *Warner v. People*, 2 *Denio*, 272; *S. C.*, 7 *Hill*, 181; *Conner v. City*, 2 *Sandf.*, 355, affirmed in 1 *Selden*, 285.

It is well settled that an election or appointment to office creates no contract between the State and the officer, which is within the protection of that clause of our Federal Constitution, forbidding the States to pass laws impairing the obligation of contracts. *Butler v. Pennsylvania*, 10 *How.*, 402.

Affirmed.