## POWELL *v.* DURDEN.

### Opinion delivered June 22, 1895,

FEES OF COUNTY OFFICERS—FUNDS PAYABLE.—Constitution of 1874, art. 16, sec. 10, and Sand. & H. Dig., sec. 1002, simply define the funds in which it may be lawful to pay taxes levied for county purposes, and have no relation whatever to funds turned into the county treasury by a county officer as a residue of his collections after reserving his salary.

CLERK'S FEES—NOT PAYABLE IN COUNTY WARRANTS.—A circuit clerk of a county who receives a salary to be reserved out of the fees of his office, the residue of which are to be paid to the county treasurer "for county purposes," is not required to accept county warrants in payment of such fees, as the county's interest does not determine the character of the funds to be collected, but rather the law providing for the fees of officers.

CONSTITUTIONAL LAW—SPECIAL LEGISLATION.—Act February 20, 1893, fixing the salaries of the officers of Sebastian county, is not in violation of Const. 1874, art. 5, sec. 25, providing that in all cases where a general law can be made applicable no special law shall be enacted, as the legislature is the judge of the necessity or propriety of a special law as applicable to any particular subject.

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

*R. T. Powell*, for appellant.

1.   The act is constitutional.    The legislature is the sole judge in determining when a general law can be made applicable.    See 35 Ark. 73 ; 36 *id.* 172 ; 48 *id.* 384 ; 50 Mo. 415 ; Cooley, Const. Lim. secs. 128, 168.

2.   Under the act, all fees, etc., collected by officers belong to and are for the benefit of the county, and are payable in county scrip.    Sand. & H. Dig. sec. 1002.

*Rowe & Rowe,* for appellee.

The act is special legislation, and unconstitutional. Const. 1874, art. 5, sec. 25 ; 24 Wis. 484 ; 25 *id.* 339 ; 28 *id.* 541 ; 12 Stew. (N. J. Eq.) 126 ; 39 *id.* 391 ; 42 N. J. L. 435 ; 51 *id.* 412 ; 42 N. J. L. 486 ; 75 Mo. 340 ; 88 Penn. 258 ; 80 Ky. 608 ; 83 Ga. 270 ; 76 *id.* 826 ; 1 S. W. 307 ; 1 Atl. 739 ; 5 *id.* 215 ; 2 *id.* 423.    An act which is applicable to but a single county or city is unconstitutional, as being special and local.    3 Am. & Eng. Enc. Law, note 2, p. 696, etc.

2.   The act makes no change in the fees allowed officers, nor in the kind of funds in which they are payable.

BUNN, C. J.    The appellant, R. T. Powell—being indebted to the appellee, J. P. Durden, circuit clerk and recorder of Sebastian county, on the following items of account, to-wit :   (1)  To recording release deed, $1.35 ; (2) to balance on D. J. Young's deed, $2.50 ; (3) to filing, docketing and issuing complaint in equity, $2.95 ; (4) to filing, docketing and issuing complaint in equity, $2.05 ;  total,  $7.95—tendered in payment thereof, on March 6, 1895, the amount in the county scrip of the Greenwood district of Sebastian county, and, on the same being refused, filed his petition for a writ of mandamus compelling appellee to receive said scrip in full payment of said account.   (It appears, however, that appellee had offered to accept said scrip in payment of so much of said account as consisted of the county tax in

said items—that is, so much as is payable to the county under laws heretofore existing). Appellee demurred to the petition, and his demurrer was sustained by the Sebastian circuit court, and the writ was refused, and appellant excepted, and appealed to this court.

At its session in 1893, the general assembly enacted a law, especially applying to Sebastian county, whereby the county officers of said county, among them the circuit clerk, are to receive stated annual salaries for their services, instead of fees as heretofore, and as is provided in general laws for other counties in the state. So much of said special act as is necessary in the discussion of this case is as follows, to-wit: Section 1 provides that the circuit clerk shall receive a salary of $3,500, out of which he shall pay his deputies. Section 2 recites "that it shall be the duty of the Sheriff, collector of taxes, clerks of the circuit and county courts, and assessor of said county, to charge and collect the same fees and commissions as are now allowed them by law, and they shall each, on the first day of each regular term of the county court of the Fort Smith district and the Greenwood district of said county, file report in said court showing amount of fees and commissions collected by them respectively, in each of said districts, and make a settlement with said court, by paying all amounts in excess of the amount of salary due each one of them to that date, into the county treasury, and file the treasurer's receipt therefor as a voucher in said settlement; and in such settlement the said officers aforesaid shall be chargeable and liable for all fees and commissions that it was the duty of said officers to charge and collect, whether the same were collected or not, and that each of said districts shall pay its proportionate share of the salaries of such officers, such proportion to be based upon the receipts of said districts respectively." Section 3: "That, at each and every settlement made

by any officer as aforesaid, he shall pay over to the treasurer in kind the funds received by him in excess of his salary, and shall file his affidavit with said court that said settlement is true, just and correct, and that he has faithfully performed his duties as prescribed in this act." Section 6: "That all money paid into the treasury arising from fees and commissions in the Fort Smith district shall be for county purposes of said district, and all money paid into the treasury arising from fees and commissions in the Greenwood district shall be for county purposes of said district."

As to funds in which officers' fees are payable.

It is evident from the language of the act, that the officer is to charge for his services the same fees as provided by the pre-existing and general law, and he is to collect these charges or fees in the same funds as heretofore; that he is to keep a strict account of his charges and collections, and make report of the same to each term of the county court, and in each report he is allowed to take out of the funds thus coming into his hands as much as will settle his salary for the quarter, and give himself credit for the amount of his salary then due, and then is required to pay the residue over, if any, into the county treasury, and this residue is to be for *county purposes.*

This expression, "county purposes," seems to have given rise to this litigation. Somehow it seems to be associated with the language of the 10th section, article 16, of the constitution, and with the language of the statute, section 1002, Sandels & Hill's Digest, enacted in accordance with the constitutional provision.

It is sufficient to say here that the constitutional provision, as well as the statute, simply defines in what funds it may be lawful to pay taxes levied for county purposes, and those provisions have no relation whatever to the funds turned into the county treasury by the

county officer as a residue of his collections after reserving out his salary.

Moreover, the funds collected by the county officers as fees, under the act in question, are primarily for the payment of his salary, and only secondarily to go into the county treasury. He, then, primarily is interested in those fees being collected in funds as required by existing laws, and by the act itself, and the county is only secondarily interested. The county's interest does not, then, determine the character of the funds to be collected by the clerk, but rather the law providing for the fees of the officer as heretofore.

Therefore, the court did not err in refusing the writ; and this discussion would properly end here, but in argument in support of his demurrer appellee contends that the special act for Sebastian county and the two districts therein is unconstitutional, for the reason that a general law providing for the pay of such officers has almost from time immemorial proved itself applicable to the subject, and that therefore the special act is in violation of the 25th section, article 5, of the constitution. To sustain this argument, appellee contends that the legislature, according to the doctrine of this court, has only a sound discretion to determine when a special law may be better adopted to the purpose in hand than a general law. This court has said something more than that. It has said that the legislature is the judge of the necessity or propriety of a special law, as applicable to any subject, rather than a general law. *Davis* v. *Gaines*, 48 Ark. 370. In that case it is announced that, the constitutional provision is really not prohibitory, but rather cautionary, to the legislature.

Again, it is held in *Humphry* v. *Sadler*, 40 Ark. 100, that "when the office itself is created by the constitution, but the compensation is left to the discretion of the legislature, it may be increased or diminished so

*Clekr's fees not payable in county warrants.*

*Validity of special legislation.*

as to affect the incumbent. And it makes no difference whether the compensation be by fees or salary." The mere discretion of the legislature is not in determining when a general or special law is applicable, but, in a case like the act under consideration, in determining the amount of the pay of these officers and the manner of paying them ; and this discretion may be abused so that the courts would interfere to prevent such abuses. For instance, the legislature cannot abolish or render useless a constitutional office, or even cripple it by a reduction of the salary of the incumbent, so that it cannot be sustained or properly maintained, or by attempting to do indirectly what it cannot do directly in reference thereto. *Reid* v. *Smoulter*, 18 Atl. (Penn.) 445 ; *King* v. *Hunter*, 65 N. C. 603 ; *State* v. *Brunst*, 26 Wis. 412 ; Cooley on Con. Lim. page 79, sec. 332, and notes ; *People* v. *Dubois*, 23 Ill. 547.

Further than this the courts generally decline to interfere in such cases, except where special laws are in effect prohibited by constitutional provisions.

The judgment of the court below is therefore affirmed, not however because the special act is unconstitutional, but because the special act properly construed does not make it the duty of the circuit clerk, the appellee, to receive county scrip for the services and fees, for which it was tendered and refused by him.

HOMESTEAD OF DECEASED—RIGHTS OF SURVIVING CHILDREN.—One who marries a widow and occupies the homestead of her deceased husband, to the exclusion of the rights of the minor children, will be liable to such children for half its rental value, under Const.

1874, art. 9, sec. 6, providing that the children shall be entitled to half the rents and profits, and Sandels & Hill's Digest, sec. 5917, providing that when a joint tenant has taken rents and profits in greater proportion than his interest he shall account to his co-tenant.