BUGG *v.* SEBASTIAN COUNTY.

Opinion delivered December 24, 1897.

CONSTITUTIONAL LAW—STATUTE REDUCING COLLECTOR'S COMPENSATION.— If it be conceded that an act reducing a constitutional officer's compensation so low as to make it impracticable to secure a performance of the duties of his office would be void, an act reducing a county collector's compensation to $1,200 a year will not be held void upon proof merely that it costs the collector from $950 to $1,200 annually to collect the taxes, it not being shown that such expenses were necessarily incurred in attending to the duties of the office. (Page 517.)

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Hill & Brizzolara* and *Rowe & Rowe,* for appellants.

The office of collector being a constitutional one, the legislature has no power to pass a law which deprives its holder of all compensation, or so reduces it that it cannot be maintained properly. Art. 7, § 46, Const. of Ark.; 61 Ark. 26, and cases cited; 18 Atl. 445; 65 N. C. 603; 26 Wis. 412; Cooley, Const. Lim. p. 79, note, and p. 332 note; 23 Ill. 547; 15 Lea, 679; Throop, Pub. Off. § 458; 64 Miss. 312; S. C. 1 So. 353. The office of sheriff and collector, although consolidated by law so that one man holds both offices, are nevertheless distinct and separate, and the holder is entitled to compensation for each. 33 Ark. 396; 37 Ark. 386; Mechem, Pub. Off. 859; 31 Ark. 571; 9 Cal. 286; 25 Cal. 520; 30 Cal. 680; 38 Cal. 76; Sand. & H. Dig., § 6563, and cases cited; 120 U. S. 126. The court also erred in holding that the acceptance of the office of collector by appellant estopped him to complain of the inadequacy of the compensation.

The appellee *pro se.*

The offices of sheriff and collector are created by the constitution, but the legislature has full power to regulate the salaries of them. Art. 7, § 46, Const. Ark.; 40 Ark. 101; 61 Ark. 26; 40 Ark. 100; 95 Cal. 329; 65 Cal. 122. The act fixing the salaries of the sheriff and collector of Sebastian county is not in conflict with the constitution, and hence not void. Cooley, Const. Lim. (6 Ed.) p. 201, and cases cited; 21 O. 14. The law intended that the offices of sheriff and collector should be held by the same person, and that, to arrive at the amount of remuneration to be received by the incumbent, the compensation of both offices should be considered. 65 N. C. 603, and cases cited.

RIDDICK, J. This is an action by appellant, T. W. Bugg, sheriff and ex-officio collector of Sebastian county, to recover from said county $1,810.92, claimed to be due him for collecting the taxes of said county. The services were performed by him after the act of February 20, 1893, in reference to the salaries of certain officers of said county, went into effect. That act provides that "the fees and salary of the sheriff of

Sebastian county shall be thirty-five hundred dollars per annum and the salary of the collector of said county shall be twelve hundred dollars per annum, out of which sums the said sheriff and collector shall pay such deputies and assistants as may be required to discharge the duties of said offices." Appellant contends that said act, so far as it attempted to regulate the compensation to be paid the collector of Sebastian county, was a nullity, and he bases his right to recover upon the law existing prior to the passage of said act.

The only question for us to consider is whether such provision of the act in question was a valid exercise of legislative power. The argument of appellant is that the office of collector is one established by the constitution, and that the legislature cannot abolish it, but that the salary provided by this act for such office is so small and inadequate that it will prevent the duties of such office from being performed, and will, in effect, abolish the office.

We may concede that the office of collector is, in law, a separate office from that of sheriff, and, it being an office established by the constitution, an act of the legislature requiring the incumbent of such office to perform its duties without compensation, or reducing the compensation therefor to such an extent as to make it impracticable to secure the performance of the duties of the office,—thereby in effect, abolishing the office,— would be beyond the power of the legislature, and void. *Powell* v. *Durden,* 61 Ark. 21; *Reid* v. *Smoulter,* 128 Pa. St. 324; S. C. 18 Atl. Rep. 445. But we do not have a case of that kind before us. The collector is allowed by the act a salary of $1,200. The evidence in this case shows that it costs the sheriff from about $950 to $1,200 to collect the taxes of said county each year. This cost, as shown by the evidence, is composed almost entirely of clerk hire and board of the sheriff and and his clerks while collecting taxes. The evidence does not show that the sheriff himself collected the taxes, or that all this expense would be necessary to one who attended to the duties of the office of collector alone.

As we understand the evidence and finding of the circuit court, it only amounts to saying that the sheriff, having to employ clerks to collect the taxes, made no profit out of the

office of collector. The court did not find, nor does the evidence convince us, that the salary provided is so low and insufficient as to render it impossible for the public to thereby secure the performance of the duties of such office. It is not clear to us that if the sheriff were to decline to execute bond as collector, and the office should become vacant, no one competent to discharge the duties of the office would accept it for the salary provided. The salary may or may not be insufficient to secure the highest grade of official service; it may or may not be unnecessarily small, considering the duties required of such officers; but those are matters that concern the wisdom and policy of such legislation, with which, it must be remembered, we have nothing to do. The constitution of the state having conferred upon the legislature the discretion and power to fix the compensation for such office, it is obvious that the courts cannot interfere with such discretion, unless the act of the legislature clearly reduces the compensation to such an extent as practically to abolish the office. In that event, the act, being in conflict with the provision of the constitution establishing the office, is void, and the courts have the right to so declare. *Powell* v. *Durden*, 61 Ark. 21; *Reid* v. *Smoulter*, 128 Pa. St. 324.

But it is plain that the legislature did not intend by this act to abolish the office of collector of Sebastian county, nor does the evidence or the finding of the circuit court thereon satisfy us that such will be its effect.

It follows, therefore, that the judgment of the circuit court holding such act to be valid must be affirmed, and it is so ordered.