WASHINGTON COUNTY *v.* DAVIS.

Opinion delivered February 11, 1924.

1.  CLERKS OF COURTS—COMPENSATION.—Although the office of cir-
    cuit clerk is created by the Constitution, the Legislature has
    power to fix the amount of compensation, within constitutional
    limitations, to be paid either by fees or salary.

2.  CLERKS OF COURTS—EXTRA COMPENSATION—CONSTITUTIONAL LIMIT.
    —An extra allowance made by the Legislature to a clerk was
    not unconstitutional where it, added to his salary, did not exceed
    $5,000 per annum, the limit fixed by Const., art. 19 § 23.

3.  CLERKS OF COURTS—CONSTRUCTION OF STATUTE.—Under the rule
    that the word "may" is construed to mean "shall" whenever the
    rights of the public or third persons depend on the exercise of
    the power or the performance of the duty to which it refers,
    Special Acts 1921, p. 111, § 2, providing that the county court

"may" refund to the circuit clerk of a certain county one-half of the fees received by him for oil leases, is mandatory.

4. EVIDENCE—JUDICIAL NOTICE.—Judicial notice is taken that Washington County is one of the largest counties in the State.

5. STATUTES—CONSTRUCTION OF "MAY."—It is a maxim of the law that where a statute directs the doing of a thing for the sake of justice, the word "may" means "shall."

6. STATUTES—CONSTRUCTION OF POWER GIVEN TO OFFICERS.—Where power is given to public officers for the benefit of individuals, the language used, though permissive in form, is in fact peremptory.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Nance & Seamster,* for appellant.

To construe the act to be mandatory, and hold that the word "may" means "shall" constitutes an invasion of the jurisdiction of the county court and is in conflict with § 28, art. 7, of the Constitution. 114 Ark. 278; 25 L. R. A. 770.

*J. V. Walker,* for appellee.

The word "may" means "shall" when used in an act whenever third persons or the public have an interest in having something done or have a claim *de jure* that the power shall be exercised. 102 Tex. Rep. 304; 5 Ark. 82. 1 L. R. A. (N. S.) 656; 76 Am. Dec. 736. See also 68 Tex. 468; 95 Tex. 268; 94 Tex. 62; 9 Md. 174, 66 Am. Dec. 326; 4 Wall. 435, 18 L. ed. 419; 28 Ala. 28; 17 Ala. 527; 95 N. C. 68; 105 Mo. App. 98; 95 S. W. 98; 7 Fla. 13; 24 Sou. 589; 2 Sou. 400; 154 Mo. App. 540; 55 Wash. 1; 136 Iowa 573; 234 Ill. 583. Arkansas decisions are in accord with the above. See 77 Ark. 412; 85 Ark. 232. Where an office is created by the Constitution, but the compensation is left to the discretion of the Legislature, it may be increased or diminished so as to affect the incumbent. 40 Ark. 100.

HART, J. J. L. Davis filed a claim in the county court against Washington County for $1,200, which he claims to be due him as extra compensation for official services rendered as circuit clerk of Washington County.

His claim for compensation is based upon § 2 of act 83 of the Acts of 1921, which is as follows:

"Section 2. That the county court of Washington County may refund to J. L. Davis, late clerk of the circuit court of Washington County and recorder, twelve hundred dollars, one-half of the amount received by him and paid into the county treasury for recording 1,634 oil and gas leases during his term of office, less the county tax." Special Acts of Arkansas 1921, p. 111.

This act was amendatory of act 259 of the Acts of 1919, which fixed the salary of the circuit clerk at the sum of $3,420 per annum, together with the fees and allowances made to him as commissioner in chancery. Special Acts of 1919, p. 399.

The county court refused to make the allowance to J. L. Davis, as provided by the section of the act quoted above, and Davis duly prosecuted an appeal to the circuit court. The circuit court found that Washington County was indebted to J. L. Davis in the sum of $1,200, under the act of the Legislature above referred to, and judgment was rendered accordingly.

To reverse that judgment, Washington County has duly prosecuted an appeal to this court.

Although the office of circuit clerk is created by the Constitution, the Legislature has full power to fix the amount of compensation, of course observing all constitutional limitations, and it makes no difference whether the compensation is by fees or salary. *Humphrey* v. *Sadler*, 40 Ark. 100; *Powell* v. *Durden*, 61 Ark. 21, and *Bugg* v. *Sebastian County*, 64 Ark. 515.

It does not appear from the record that the extra allowance to the circuit clerk, under the act in question, together with the salary already allowed him, made his net profits more than $5,000 per annum, and was therefore violative of § 23, art. 19, of the Constitution, as construed in *Griffin* v. *Rhoton*, 85 Ark. 89, and *Williams* v. *Buchanan*, 86 Ark. 259.

In this connection it may be also stated that the bill under consideration was passed by two-thirds of the

members elected to each branch of the General Assembly. Therefore we need not decide whether the act under consideration falls within the provisions of art. 5, § 27, of the Constitution, which provides that no extra compensation shall be made to any officer after the services shall have been rendered, unless such compensation be allowed by a bill passed by two-thirds of the members elected to each branch of the General Assembly. There is no constitutional limitation against the passage of the act under consideration, and we hold it to be a valid act.

We do not think that the case of *Board of Education of Marion Township* v. *State* (Ohio), 25 L. R. A. 770, has any application to the facts in the case at bar. There the treasurer of the school funds of Marion Township, Ohio, lost a school warrant, which he paid to the person entitled to it, and was charged with the amount thereof in his settlement with the county auditor. Subsequently he found the warrant, and asked that the amount thereof be refunded to him. The board of education refused to do so, on the grounds that it had no power to go behind its previous settlements. Whereupon he secured the Legislature to pass an act allowing him the amount of said lost warrant and directing the board of education to levy taxes for the payment thereof. The court held that, because there was a dispute about the facts out of which the claim grew, between the township treasurer and the board of education, the contention fell within the province of the court under the distribution of governmental powers prescribed by the Constitution.

Here there was no contention between the parties as to the facts. Davis had made no claim in the county court or elsewhere that he was due extra compensation. The Legislature simply allowed J. L. Davis, as clerk of the circuit court, extra compensation for services which he had already rendered, and this it had the right to do, for the reasons stated above.

It is next contended that the allowance of the extra compensation, by the terms of the act, was in the discretion of the county court. In making this contention, reliance is placed by the county upon the language of § 2 of the act quoted above, which provides that the county court may refund to J. L. Davis $1,200. We think that the act is mandatory, notwithstanding the use of the word "may" instead of "shall."

In *Pirani* v. *Barden*, 5 Ark. 81, *Spratley* v. *La. & Ark. Ry. Co.*, 77 Ark. 412, and *C. R. I. & P. Ry. Co.* v. *Jaber*, 85 Ark. 232, this court has recognized that the word "may" is often interpreted to mean "shall." The general rule of construction is that the word "may" is construed to mean "shall" whenever the rights of the public or third persons depend upon the exercise of the power or the performance of the duty to which it refers. *Wheeler* v. *Chicago* (Ill.), 76 Am. Dec. 736; *Smalley* v. *Paine*, 102 Tex. 304, 116 S. W. 38; *People* v. *Board of Supervisors*, 68 N. Y. 114; *People* v. *Board of Supervisors*, 51 N. Y. 401, and *Supervisors* v. *United States*, 4 Wall. (U. S.) 435.

All of these cases, and many more of like import, recognize that the word "may" is constantly used in statutes without intending that it shall be taken literally, and that, in its construction, the object evidently designed to be reached limits and controls the literal import of the word. They recognize that, in determining whether "may," as used in acts like the present one, is merely permissive or is mandatory, not only the language of the act but the circumstances surrounding its passage and the object had in view must be considered.

Davis, as circuit clerk, had a claim, based upon natural justice and equity, that a part of the fees derived from the recording of gas and oil leases during his term of office, and paid by him into the county treasury, should be refunded. This is shown by the surrounding circumstances. The court will take judicial notice that Washington County is one of the largest counties in the State.

The salary of the circuit clerk, fixed by the Legislature of 1921 and by the act of 1919 which it amended, was $3,420 per annum.

Section one of the act under consideration gives the circuit clerk, in addition to a salary of $3,420 per annum, all fees for recording oil and gas leases. In § 2 of the same act it was provided that the county court may refund to Davis $1,200, which is one-half of the amount received by him and paid into the county treasury for recording oil and gas leases. The Legislature recognized that Davis had a moral claim against the .county for his services, and intended to provide for its allowance like other claims against the county. The purpose of the act, as well as natural justice to Davis, requires that it should be construed as mandatory. It is a maxim of the law that, where a statute directs the doing of a thing for the sake of justice, the word "may" means "shall." Where the power is given to public officers for the benefit of an individual, the language used, though permissive in form, is in fact peremptory. The substance of the holding in the case above cited is that what public officers are required to do for a third person the law requires shall be done.

It follows that the judgment of the circuit court is correct, and will be affirmed.