SMACKOVER JOURNAL *v.* NEWS TIMES PUBLISHING COMPANY.

Opinion delivered April 4, 1932.

524

*J. S. Utley* and *Wm. T. Hammock,* for appellant.

*Owens & Ehrman,* for appellee.

KIRBY, J., (after stating the facts). The statute upon which the action is based, Initiative Act No. 2 of 1914, at pages 1511-15 of Acts of 1915, relating to the publication of a synopsis of the acts of the Legislature, provides for the fees to be paid therefor,.the number of newspapers in which the synopsis can be published, and § 12 thereof provides:

"In all counties in which there are cities of the first class, the publications herein provided for shall be made in one established daily newspaper of general circulation, provided such a newspaper exists, and, in the absence of such a newspaper, publication shall be made in a weekly newspaper published in said county."

The language of the statute is plain, requiring that in counties where there are cities of the first class the publication provided for "shall be made in one established daily newspaper of general circulation, provided such a newspaper exists, etc.". This language is plain and mandatory, leaving no discretion to the Secretary of State in counties where there are cities of the first class having a daily newspaper of general circulation to cause such publication to be made in other than a daily newspaper. *Washington County* v. *Davis,* 162 Ark. 335, 258 S. W. 324.

The people had the right to prescribe in said act for the publication of the synopsis and to determine what medium should be used for bringing it to the people's attention; and, having done so, the officer authorized to cause the publication to be made could exercise no discretion about the selection of a newspaper other than as prescribed by the statute for the publication.

Neither is the act violative of the Constitutions of the State nor of the United States; and the publication, having been made contrary to the statute authorizing it, created no valid obligation against the State for its payment, and no error was committed in granting the injunction prayed for. The decree is accordingly affirmed.