HOUSE *v.* BRAZIL.

4-5106

Opinion delivered June 20, 1938.

*J. M. Willemin,* for appellant.

*John T. Williams* and *Fred A. Donham,* for appellees.

DONHAM, J.   In the November general election of 1934 the electors of Perry county initiated an act styled, "An act to fix salaries and expenses of county officers and to fix the manner in which such compensations and salaries shall be paid and to reduce the costs of the county and for other purposes."

Section 4 of the act provides:   "The sheriff as such and as ex-officio tax collector, shall receive as compensation and salary, the sum of eighteen hundred dollars ($1,800) per year for performing all the duties of said office in lieu of the fees, commissions and other compensations now allowed by law, and shall receive no other or further compensations, emoluments or perquisites

either directly or indirectly for services rendered as such sheriff and ex-officio tax collector, or as a result of holding the office. In addition thereto, he shall be paid actual and necessary expenses of travel of himself and deputies when on business for the county, but in no event shall he be allowed and paid more than five cents per circular mile for service of papers for the county or of litigants within the county and such litigants shall not be required to pay more than five cents per circular mile for the service of any summons, subpoena or other writ. Provided, that in no event, shall the salaries and expenses of said office annually exceed ninety (90) per cent of the gross receipts of the office and shall be payable only from such receipts.''

Section 13 of the act provides: ''After all salaries and expense claims have been paid as provided in this act, one-half of the surplus, if any, at the end of the fiscal year, shall be transferred to the Common School Fund and be apportioned and distributed among the common and special school districts as similar funds are apportioned and distributed, and the other half shall be transferred to the County General Fund.''

During the year, 1935, the gross receipts of the sheriff's office in fees and commissions amounted to $2,848.30. During the year, 1936, the gross receipts of the office in fees and commissions amounted to $2,199.49. In compliance with the terms of said act, the appellant, as sheriff and collector, was permitted to draw in payment of the salary of himself and deputies only ninety per cent. of the funds collected in fees and commissions after the total thereof had been paid into the county treasury to the credit of the sheriff's salary account.

The appellant filed suit in the chancery court of Perry county in which he prayed that the County Judge and County Treasurer, who are appellees here, be restrained and enjoined from appropriating any of the funds accruing to the Sheriff and Collector's Salary Account as directed by § 13 of the act, which section is hereinabove quoted. It was alleged that the appropriation of the receipts of the Sheriff and Collector's office

in fees and commissions above ninety per cent. thereof, giving one-half, at the end of the fiscal year, to the Common School Fund and the other half to the County General Fund, was an unlawful diversion of the Sheriff and Collector's salary account.

Appellant further prayed that appellees be required to restore the funds previously taken from said account and which had been appropriated in accordance with said § 13. It was alleged that the act was unconstitutional in so far as it apropriated all of the commissions above ninety per cent. allowed to the collector for collection of taxes. It was further alleged that the act was discriminatory since the salary of no other officer of the county was limited to ninety per cent. of the fees and commissions collected. It was further alleged that the act was void, because it reduced the amount available to appellant for salary and expenses of his office so as to render the proper and efficient operation of the office impossible.

Appellees filed an answer, in which they denied every material allegation of the complaint and further set up as a defense the plea of *res judicata,* alleging that the matters involved in the suit were also involved in a suit in the chancery court of Perry county filed December 12, 1935, and in another suit filed in the circuit court of Perry county in the year, 1937, in both of which suits the appellant, Baylor House, was a party.

It was further alleged in the answer that ten per cent. of the funds accruing to appellant's salary account as Sheriff and Collector had been transferred from said account to the General Revenue Fund of Perry county by order of the County Court from which appellant had the right of appeal and from which he did not appeal.

After taking testimony on the issues involved, the court dismissed the complaint for want of equity. From the decree of the court dismissing the complaint appellant has appealed.

During the year, 1935, appellant received as salary and expenses of his office the following amounts: To appellant personally $1,500; to first deputy $900; to second deputy $200.

During the year, 1936, appellant received as salary and expenses of his office the following amounts: To appellant personally $1,323.24; to first deputy $600; to second deputy $80.

There is no contention made by appellant that he was not paid the full ninety per cent. of the commissions and fees collected by his office.

During the year, 1935, there was retained in the Sheriff and Collector's Salary Account $248.30 under the ten per cent. provision of the act. During 1936, there was retained in said account $196.25 under the ten per cent. provision of the act. It is these last mentioned amounts that appellant alleges should be paid to him, instead of being appropriated by order of the County Court under § 13 of the salary act. In other words, he contends that § 13 of the act is invalid and that, therefore, he should have the benefit of the full amount of fees and commissions collected by his office. He contends that since under the statute, § 13832 of Pope's Digest, collectors are allowed all fees and commissions accruing to their office, he should be allowed the full amounts accruing to his office as Sheriff and Collector of Perry county.

In the case of *State, use of Lonoke County* v. *Swaim*, 167 Ark. 225, 268 S. W. 366, suit was brought against the Circuit Clerk of Lonoke county to recover certain fees in excess of the salary of the clerk, which salary was fixed by a special act of the Legislature. Under the act the clerk was required to pay into the treasury all amounts collected in fees in excess of his salary. There seems to be no difference in principle in the special act construed in that case and the special initiated salary act involved in the instant case. The special act was upheld and the clerk was required to account for all fees above the amount of his salary. A similar holding was made in the case of *Durden* v. *Sebastian County*, 73 Ark. 305, 83 S. W. 1048; likewise in the case of *Keeling* v. *Searcy County*, 88 Ark. 386, 114 S. W. 925.

In the Lonoke county case the special act was attacked as unconstitutional, it being contended that it violated § 11, art. 16, of the Constitution of the state,

which provides that "no tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose." It was there held that the special act did not violate this section of the Constitution and that similar salary statutes have been uniformly upheld by this court. The fees and commissions to which sheriffs and collectors are generally entitled are not prescribed by the Constitution, nor is there anything in the Constitution that would prevent the passage by counties of a special salary act, such as that involved in the instant case. *Collins* v. *Humphrey,* 181 Ark. 609, 27 S. W. 2d 102.

It was shown that for the year, 1935, the amount retained from the commissions which are properly chargeable under the general law on tax collections was $152.77; and that for the year, 1936, $155.75 was deducted from these commissions. And it is contended that since under the Constitution, § 11, art. 16, no moneys arising from a tax levied for one purpose shall be used for any other purpose, appellant is entitled to recover back these sums. It will be seen, by reference to § 13 of the special salary act, that it is only after all salaries and expense claims have been paid, as provided by the act, that one-half the surplus must be transferred to the Common School Fund and the other half to the County General Fund; and that this transfer is authorized only at the end of the fiscal year.

By reference to the statement of facts hereinabove set out, it will be seen that the amount of salaries paid the sheriff and his deputies during each of said years considerably exceeded the amount of the commissions on tax collections. Therefore, it cannot be said that the appellant did not get the full benefit of all commissions permitted by the general statute on the tax collections made.

So if it were conceded that § 13 of the act violates said section of the Constitution, it would avail appellant nothing in the instant case, for there is no showing that he did not get all of the commissions properly chargeable on all taxes collected.

It is also contended that the whole act is invalid, because of an insufficient ballot title. This title is as follows: "An act to fix the salaries and expenses of county officers and to fix the manner in which such compensations and salaries shall be paid, to reduce the cost of county government and for other purposes."

We hold that this title is sufficient and meets the requirements of the law. It is not necessary that the ballot title be so elaborate as to set forth the details of the act, it being sufficient if it identifies the proposed act and cites the general purposes thereof. *Walton* v. *McDonald, Secretary of State,* 192 Ark. 1155, 95 S. W. 2d 81.

It is argued by appellant that no special act passed by the Legislature, or initiated and passed by the people, could fix the salary of the sheriff at such a low sum that the duties of the office cannot be performed by the incumbent, since to do so would render useless an office established by the Constitution. In support of this contention, the cases of *Powell* v. *Durden,* 61 Ark. 21, 31 S. W. 740; and *Bugg* v. *Sebastian County,* 64 Ark. 515, 43 S. W. 506, are cited.

The court is of the opinion that no showing has been made that the salary fixed by the initiated act is so small as to cripple or render useless the office of sheriff and collector of Perry county.

Appellant's contention that § 13 of the special salary act is void on the ground that it is discriminatory, is not tenable. If the Legislature should see fit to reduce the fees and commissions to which sheriffs and collectors are at present entitled under the law, there is no reason why it should not do so. And the fact that it might not see fit at the same time to reduce fees of other officers would in no wise make the act discriminatory. The people, by initiating an act, would have all the authority to reduce the fees and commissions payable to the sheriff and collector of a given county that the Legislature had prior to the passage of the constitutional amendment prohibiting special acts. No valid objection to the special initiated salary act for Perry county can be raised on the ground of discrimination.

We hold that the special initiated salary act of Perry county is a valid act in so far as any attack made upon it in the instant case is concerned; that the appellant has been compensated in compliance with the act; and that he is, therefore, not entitled to recover additional amounts as he contends. It follows from what we have said that the decree of the court was correct and must be affirmed. It is so ordered.