Small Claims Act — Venue An action brought under the provisions of the Small Claims Procedure Act (12 O.S. 1751 [12-1751] to 12 O.S. 1768 [12-1768] (1968)) must be brought in the county of the defendant's residence. The Attorney General has had under consideration your request for an opinion on the following question: "Under Title 12 O.S. 1752 [12-1752] must an action be brought in the county of the defendant's residence?" And, in connection therewith you say you have attempted to reconcile 12 O.S. 1752 [12-1752], with 12 O.S. 142 [12-142] — 12 O.S. 143 [12-143] (1968). Sections 12 O.S. 142 [12-142] and 12 O.S. 143 [12-143] were enacted in 1965 as part of a general statute regarding venue for all civil actions on open accounts or negotiable instruments. Section 12 O.S. 1752 [12-1752] is part of a special act regarding actions involving $400.00, or less. Title 12 O.S. 1752 [12-1752] (1968) provides: "Any action brought under this Act may be commenced and maintained in the county in which the defendant or any defendant resides at the commencement of the action." Title 12 O.S. 141 [12-141] (1968) and 12 O.S. 142 [12-142] (1968) respectively provide: "Section 141. The venue of civil actions for damages resulting from the use or operation of motor vehicles, or resulting from the operation of boats or other watercraft in the waters of this state, wherein the defendant or defendants reside in the State of Oklahoma at the time of injury, shall be, at the option of the plaintiff or plaintiffs, in either of the following: 1. In any county of Oklahoma where service of summons can be obtained upon one or more of the defendants as now provided by law. 2. In any county where the damages or a part thereof were sustained. The plaintiff or plaintiffs may cause summons to issue to any county in Oklahoma for service upon one or more of the defendants. When service of summons upon one or more of the defendants cannot be obtained in Oklahoma with the exercise of due diligence, service may then be secured upon such defendant or defendants, as now or hereafter provided in Chapter 59, 47 O.S. 1961 for service upon nonresident motorists." "Section 142. The venue of civil actions for the collection of an open account or for the collection of any negotiable instrument shall be, at the option of the plaintiff or plaintiffs, in either of the following: (a) in any county in which service of summons can be obtained upon the defendant or defendants as now provided by law; or (b) in the county in which the debt was contracted or in which the negotiable instrument was given." Sections 1751 through 1768 became effective January 13, 1969, and are known as "The Small Claims Procedure Act." This act provides for a simple, uncomplicated and alternative method of bringing an action for the recovery of money on contract, tort, or subrogation claims where the amount claimed does not exceed $400.00. The suit is begun by the filing of an affidavit and service by mail; trial is informal and to the court, in the absence of request for a reporter and jury and payment therefor by the requesting party. The use of the small claims procedure is discretionary with the litigant but once the election to use it is made compliance with the provisions thereof appear to be mandatory and in every material section of the act except sections 1751 and 1752 the word "shall" is used. In the case of Schlemmer v. Board of Trustees of Limestone County, Tex. Civ. App., 59 S.W.2d 264, 265, in the second paragraph of the syllabus, the court said: "The words `may' and `shall' are frequently used interchangeably, and they must be given that meaning which will best express legislative intent." and to the same effect see Puckett v. Sellars, 235 N;C. 264,69 S.E.2d 497, 500, and People v. Elgin Home Protective Ass'n, 359 111. 379, 194 N.E. 584. The general rule is set out in the case of Washington County v. Davis, 162 Ark. 235,258 S.W. 324, where the court said at page 325: ". . . the word `may' is construed to mean `shall' whenever the rights of the public or third persons depend on the exercise of the power or the performance of the duty to which it refers." This general rule was quoted with approval by our court in Miller v. Exchange National Bank of Tulsa, 183 Okl. 114, 80 P.2d 209. You are also referred to the case of Leeds v. Harrison, 87 A.2d 713,781, where the court held in the eighth paragraph of the syllabus: "A question as to whether the word `may' is used in a statute as a permissive or as an imperative verb is essentially one of legislative intent, . to be gathered from the nature and object of the statute considered as a whole, and in that inquiry public and individual rights are sometimes factors to be regarded." In the old case of Walton v. Walton, 96 Tenn. 25, 33 S.W. 561, the court held: "Section 3309, providing that a bill of divorce may be filed in the district where the parties resided at the time of their separation, etc., `may' is mandatory and not merely directory and has the same force and meaning as `shall"' The Supreme Court of Montana had under consideration a statutory provision similar to Section 12 O.S. 1752 [12-1752] in the case of Thomas v. Cloyd, 110 Mont. 343, 106, P.2d 938, and in the body of the opinion said: "It has been established by this court that in the provision of Section 9096, Revised Codes, providing that `actions upon contracts may be tried in the county in which the contract was to be performed,' `may' means `must' State ex rel Interstate Lumber Co. v. District Court, 54 Mont. 602,172 P. 1030)" From the four corners of the Small Claims Procedure Act it appears to have been the interit of the Legislature that the word "may" in Section 1752, supra, should be construed to mean "must" and any defendant against whom an action is filed under the provisions thereof has a right to be sued in the county of his residence. It is therefore the opinion of the Attorney General that your question should be answered in the affirmative. An action brought under the provisions of the Small Claims Procedure Act (12 O.S.Supp. 1968 Sections 1751[12-1751] [12-1751] to 1768 [12-1768]) must be brought in the county of the defendant's residence. (W. J. Monroe)