SCHILTZ, Appellant, *vs.* ROENITZ, Respondent.

*September 8 — September 26, 1893.*

*Parent and child: Adoption: Notice to parent.*

An order of adoption, based on the abandonment of the child by the parent, is a nullity as against the latter if he had no notice of the proceeding or opportunity to defend.

APPEAL from the Circuit Court for *Outagamie* County.

Action by the plaintiff for the recovery of damages for being deprived by the defendant of the services of his minor daughter since the 28th of December, 1887, and for alienat-

ing and estranging her affections from the plaintiff, her father. The complaint has annexed to it, as an exhibit and part thereof, certain alleged proceedings for the adoption by the said defendant and Rosa, his wife, of the plaintiff's daughter Mary, representing their desire to adopt her, and alleging that she was a child of *John Schiltz* and Christina, his wife, who is deceased; that the said Mary was then thirteen years of age, and that *John Schiltz*, the plaintiff, abandoned her and his other children in 1884, and had not since been heard from; that the petitioners are of sufficient ability to bring up said child and furnish her suitable culture and education; and that she has no general guardian. The petition prayed an order of adoption from the court, and that from and after the date thereof such child be deemed, to all legal intents and purposes, the child of the petitioners, and was verified. Indorsed on the petition was the consent of Jacob Imig to such adoption, reciting that he had been duly appointed by the county court of Sheboygan county to consent thereto. Annexed to the complaint is an order which recites, in substance, the allegations of the petition, that the said Mary has no guardian, and appointing said Imig for the purpose of appearing for said child and consenting to said adoption if he shall deem it best; also, an order reciting the substance of the petition, and the appointment of Imig, and his consent, under sec. 4022, ch. 173, R. S., and that the court being satisfied of the identity and relation of the persons, and that said petitioners have sufficient ability to bring up and furnish suitable culture and education for said child, having reference to the degree and condition of its parents, and that it is proper for such adoption to take effect, it was thereupon ordered that from and after the date thereof said Mary Schiltz should be, to all legal intents and purposes, the child of the petitioners, *Charles H. Roenitz* and Rosa, his wife,

It was alleged that the defendant had retained said plaintiff's child in his possession up to the present time, against the will of the plaintiff; that the allegation of abandonment was untrue; that he had attempted to regain possession and control of his daughter, and the defendant had retained her, threatening the plaintiff with personal violence if he attempted to get possession of his child. The proceedings in the county court are alleged as the ground of the defendant's detention of the daughter. There is nothing on the face of the proceedings or connected therewith to show that any notice thereof was ever given to the plaintiff or that he ever consented to the order of adoption.

The defendant answered the complaint, and at the trial objected to any evidence under it, on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the objection, and dismissed the plaintiff's complaint, and from this judgment the plaintiff appealed.

*G. W. Foster*, for the appellant, argued, among other things, that the proceedings before the county judge were without notice to the plaintiff, and therefore void. *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 328; *Seifert v. Brooks*, 34 id. 443, 447; *Sanger v. Mellon*, 51 id. 560; Hawes, Jurisdiction, sec. 12; *Windsor v. McVeigh*, 93 U. S. 274; *Wynehamer v. People*, 13 N. Y. 394–5. The evidence upon which the court acts must be preserved as a part of the record; or so much, at least, as confers jurisdiction. *Niblo v. Post's Adm'rs*, 25 Wend. 291; *People v. Overseers*, 15 Barb. 286.

*Simon Gillen*, for the respondent, contended, *inter alia*, that the complaint was fatally defective in this, that it attempts to state a cause of action founded upon a collateral attack upon a judgment or final order of a court acting within its prescribed statutory jurisdiction, and does not allege a want of jurisdiction of the subject matter, loss of

jurisdiction during the proceedings, fraud, or collusion, which are the grounds of collateral attacks upon judgments, decrees, or final orders of courts of subordinate or co-ordinate jurisdiction. Van Fleet, Collateral Attack, secs. 5, 16; Freeman, Judgm. (3d ed.), secs. 120, 121, 334–336; Freeman, Void Judicial Sales, secs. 7, 8; *Gilliland v. Sellers*, 2 Ohio St. 223; *Greene v. Greene*, 2 Gray, 361; *Mason v. Messenger*, 17 Iowa, 261; *Osborne v. Moss*, 7 Johns. 161, 5 Am. Dec. 252; *Jackson v. Astor*, 1 Pin. 137. The county court of Sheboygan county had jurisdiction of the subject matter of the adoption proceedings, and retained it to the end. S. & B. Ann. Stats. secs. 2443, 4021, 4024; *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 328; Gary, Probate Law, sec. 861; 3 Pomeroy, Eq. Jur. sec. 1308; Brown, Jurisdiction, sec. 79. Adoption proceedings are proceedings *quasi in rem*. Brown, Jurisdiction, sec. 80. The allegation that the plaintiff never abandoned his child only sets out a mistake of fact, which fact is found affirmatively by the county court in its order of adoption, and is one of the affirmative facts upon which the order of adoption finds a legal foundation, and can only be questioned by an application to the county court for review, appeal, writ of error, *certiorari*, or *habeas corpus*. *Baker v. Baker*, 51 Wis. 539; *In re Fisher*, 15 id. 512; *Estate of Leavens*, 65 id. 440; Story, Eq. Jur. sec. 896, and note; *Eyster's Appeal*, 65 Pa. St. 473; *Western Union R. Co. v. Dickson*, 30 Wis. 389; S. & B. Ann. Stats. secs. 4031–35, 4046–48; Van Fleet, Collateral Attack, secs. 2, 17, 801; Gary, Probate Law, sec. 871, note; *Gaston v. Babcock*, 6 Wis. 503; *Gunn v. Green*, 14 id. 317; *Jamison v. Snyder*, 79 id. 286; *Shuman v. Hurd*, id. 654; *State v. Prince*, 45 id. 610; *In re Pierce*, 44 id. 411–426; *Petition of Semler*, 41 id. 523; *Petition of Crandall*, 34 id. 177. The record in the adoption proceedings is absolute verity, to contradict which there can be no argument or evidence. *Jackson v. Astor*, 1 Pin. 137; *Tall-*

*man v. McCarty,* 11 Wis. 401; *Arnold v. Booth,* 14 id. 180; *Wanzer v. Howland,* 10 id. 8; *Falkner v. Guild,* id. 563; *Amory v. Amory,* 26 id. 152; *Frankfurth v. Anderson,* 61 id. 107; *Salter v. Hilgen,* 40 id. 363; Freeman, Judgm. sec. 319*a;* Brown, Jurisdiction, sec. 127; Van Fleet, Collateral Attack, secs. 17, 61; *Barker v. Barker,* 14 Wis. 131; *Cummings v. Cummings,* 123 Mass. 271.    The recitals in the order of adoption take the place of findings and show a compliance with the provisions of secs. 4021–4024, S. & B. Ann. Stats.    The petition being regular in form and reciting sufficient to confer jurisdiction, the conclusion of the county court, the order of adoption, is not open to a collateral attack.    Brown, Jurisdiction, secs. 61, 127; Freeman, Judgm. sec. 319*a;* *Voorhees v. Bank of U. S.* 10 Pet. 449; *Thompson v. Tolmie,* 2 id. 157; *Comstock v. Crawford,* 3 Wall. 396; *Petition of Crandall,* 34 Wis. 177; *In re Pierce,* 44 id. 411; S. & B. Ann. Stats. secs. 4046–4048; *Brunson v. Burnett,* 2 Pin. 185; *In re Fisher,* 15 Wis. 511.    The petition and final order in the adoption proceedings reciting and finding as an affirmative fact the abandonment of the child by the plaintiff, the plaintiff is estopped from questioning the finding of the county court in that respect, in this, a collateral, action.    The facts so alleged and found being essential to the jurisdiction of the county court became *res adjudicata* and cannot be questioned by the plaintiff in this action.    Freeman, Judgm. sec. 248; *Ward v. Price,* 1 Pin. 101; *Woodward v. Hill,* 6 Wis. 143; *Wright v. Sperry,* 25 id. 617; *Heath v. Frackleton,* 20 id. 320; *Strong v. Hooe,* 41 id. 659; *Danaher v. Prentiss,* 22 id. 311; *Shepardson v. Cary,* 29 id. 34; *Iowa Co. v. Mineral Point R. Co.* 24 id. 93; *Nash v. Church,* 10 id. 303; *Tallman v. McCarty,* 11 id. 402; *Driscoll v. Damp,* 16 id. 106; *Arnold v. Booth,* 14 id. 180; *State v. Waupaca Bank,* 20 id. 640; *Van Pelt v. Kimball,* 18 id. 362; Brown, Jurisdiction, sec. 4.    The order of adoption conclusively establishes that it was a proper order to

take effect. It cannot be collaterally avoided by showing that the petition and order of adoption were false. Van Fleet, Collateral Attack, sec. 61; *Jackson v. Crawfords*, 12 Wend. 533; *Fitch v. Miller*, 20 Cal. 382; *Haynes v. Meeks*, id. 288; *McCauley v. Harvey*, 49 id. 497; Freeman, Void Judicial Sales, sec. 14; Brown, Jurisdiction, sec. 60; *Ryan v. Varga*, 37 Iowa, 80; *Knox Co. v. Aspinwall*, 21 How. 539; *Evansville, I. & C. S. L. R. Co. v. Evansville*, 15 Ind. 395; *Koehler v. Hill*, 60 Iowa, 566; *Slack v. Blackburn*, 64 id. 375.

The primary dominion and right of a father or parent may be lost or forfeited by the father or parent by neglect or abuse of the moral or physical welfare of the child. 2 Bishop, Mar., Div. & Sep. secs. 1163–1166; 2 Lawson, Rights, Rem. & Pr. sec. 816; *State v. Smith*, 6 Me. 462, 20 Am. Dec. 324; *Cowls v. Cowls*, 3 Gilm. (Ill.), 435, 44 Am. Dec. 708; *Miller v. Wallace*, 76 Ga. 479, 2 Am. St. Rep. 48; *Brooke v. Logan*, 112 Ind. 183, 2 Am. St. Rep. 177, and note. Statutes authorizing adoption or other disposition of children found to be neglected by their parents or guardians are constitutional and humane. *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 328; *Farnham v. Pierce*, 141 Mass. 203, 55 Am. Rep. 452; *House of Refuge v. Ryan*, 37 Ohio St. 197; *Petition of Ferrier*, 103 Ill. 367; *Roth v. House of Refuge*, 31 Md. 329; *Ex parte Crouse*, 4 Whart. (Pa.), 9. When the parents have abandoned their infant children and during such abandonment the care, custody, training, and education of the children have been transferred to another without legal formality, and the social, moral, and educational interests of the child will be best promoted by its remaining in the custody of the person to whom it was transferred when abandoned, the new custody will be treated as lawful and exclusive. *Clark v. Bayer*, 32 Ohio St. 299, 30 Am. Rep. 593; *Bonnett v. Bonnett*, 61 Iowa, 199, 47 Am. Rep. 810; *Jones v. Darnall*, 103 Ind.

569, 53 Am. Rep. 545. The petition for adoption alleges as the ground for the adoption the abandonment of the child by the plaintiff in 1884, and that the plaintiff has not been heard from since; and these allegations being found affirmatively by the county court, the plaintiff was not entitled to notice. *Luppie v. Winans,* 37 N. J. Eq. 245; *In re O'Neal,* 3 Am. Law Rev. 578.

PINNEY, J. It is not disputed but that a father has dominion, by right, over his minor children, nor that such primary right may be lost or forfeited by him by abandonment, neglect, or abuse. The right of the parent is not absolute and unconditional. The necessities and well-being of the social state enter so largely into the question of the dominion and control of the parent over his child that, in the interest of society and the physical and moral necessities of the child, the entire subject is one of appropriate legislation, providing in what manner the parent may be deprived or restrained in the exercise of his natural rights by reason of neglect, abandonment, or abuse. All this is well established by approved text writers and numerous adjudications. Schouler, Dom. Rel. § 248; *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 328; *Sheers v. Stein,* 75 Wis. 44; *Petition of Ferrier,* 103 Ill. 367; *House of Refuge v. Ryan,* 37 Ohio St. 197; *Farnham v. Pierce,* 141 Mass. 203; *Clark v. Bayer,* 32 Ohio St. 299. The principle stated in these cases finds expression in the provision of our statute (sec. 3964) that "the father of the minor, if living, and in case of his death the mother, while she remains unmarried, being themselves respectively *competent* to transact their own business, *and not otherwise unsuitable,* shall be entitled to the care and custody of the person of the minor." The state intervenes only upon the destitution and necessity of the child, and in all cases of controverted right to its custody its welfare is a matter of primary consideration.

Schiltz vs. Roenitz.

Questions in relation to the care and custody of minor children, by reason of their being neglected, or for other cause, whereby they are committed to industrial schools, or houses of refuge, or other like institutions, where the interference with parental custody is temporary merely, and which do not change the *status* or adjudicate finally upon the right of the parent to its custody, are materially different from the proceeding under consideration. In the case of *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 339, it was said that the statute in that case "operates, so to speak, upon the child *in personam*, without citing the parent or guardian by the proceeding or by the commitment. It appears to us quite obvious, upon familiar principles, that the parent or guardian is not precluded by the commitment from asserting any right to the custody and care of the child which he may afterwards be able to establish. . . . The commitment during minority binds the child only, not the parent or guardian, when competent to fulfil towards the child the duties assumed by the state." But the proceeding by adoption here in question is a mere statutory proceeding, not according to the course of the common law, and, when legally conducted, has a much broader scope, and utterly terminates all relations between the minor and his legitimate parents. "A child so adopted shall be deemed for the purposes of inheritance and succession by such child, *custody of the person and right of obedience* by such parents by adoption, *and all other legal consequences and incidents* of the natural relation of parents and children, the same to all intents and purposes as if such child had been born in lawful wedlock of such parents by adoption. . . . The natural parents of such child *shall be deprived by such order of adoption* of all legal rights whatsoever respecting such child, and such child shall be freed from all legal obligations of maintenance and obedience to such natural parents." R. S. sec. 4024. The statute (sec.

4022) requires that such order shall be made upon petition, and shall not " be made without the written consent of the living parents of such child, unless the court shall find that one of the parents has abandoned the child, or gone to parts unknown, when such consent may be given by the parent, if any, having the care of the child.   In case where neither of the parents is living, or if living *have abandoned* the child, such consent may be given by the guardian of such child, if any.   If such child has no guardian, such consent may be given by any of the next of kin of such child, or, in the discretion of the court, by some suitable person to be appointed by the court."   The order is required to recite the facts of the case, and to declare that from and after its date such child shall be deemed, to all intents and purposes, the child of the petitioners; and by such order the name of such child may be changed to that of such parents by adoption, and the statute gives the order the effect already stated.

The proceedings and order of adoption relied on by the defendant do not recite or show any consent of either the parents of the child, Mary Schiltz, or by any of her next of kin or her guardian, to such adoption, but of Jacob Imig, " duly appointed by the court for that purpose;" but the proceedings recite that the plaintiff *had abandoned her*, and that her mother was dead.   There is nothing whatever to show that any notice was ever given to the plaintiff to appear and defend against the application or assert his natural rights, or that he appeared at the hearing, but the inference from the record is quite to the contrary.   Although it is too well settled to admit of dispute that the father can recover for the loss of the services of his minor child, against any one causing such loss (*Rooney v. Milwaukee Chair Co.* 65 Wis. 397), the proceeding in question was held by the court conclusive evidence, by judicial decision, that he had abandoned his daughter Mary, and that by virtue

of the alleged order of adoption he had been lawfully deprived of the right to her services, of all legal rights whatsoever respecting her, and that she was free from all natural filial relations to her father, although he had had no notice of the charge, or time and place of hearing, and no opportunity whatever to defend against it, and although he had been condemned without a hearing, and denied the charge of abandonment in his complaint in this action.    The circuit court held the charge of abandonment conclusively established by the order of adoption, and dismissed his complaint.

The contention that the county court could, without notice to the plaintiff or opportunity to him to defend against the charge of abandonment, grant an order depriving the plaintiff of his most sacred natural rights in respect to his child, so jealously guarded and protected by the laws, offends against all our ideas respecting the administration of justice, and is opposed to the principles which lie at the foundation of all judicial systems not essentially despotic in their character and methods of procedure.    It is provided by the fourteenth amendment to the constitution of the United States that " no state shall  .  .  .  deprive any person of life, liberty or property without due process of law."  Due process of law, as applied to judicial proceedings, includes a charge before some judicial tribunal, and notice to the party in some form, either actual or constructive, and an opportunity to appear and produce evidence in his defense and be heard by himself or counsel.    To proceed to adjudicate in the absence of notice to the party " would be contrary to the first principles of the social compact, and of the right of administration of justice."    *McVeigh v. U. S.* 11 Wall. 267.    In *Windsor v. McVeigh,* 93 U. S. 277, it is held that: " Whenever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable.    This is a principle of natural justice,

Schiltz vs. Roenitz.

recognized as such by the common intelligence and conscience of all nations. A sentence of the court pronounced against a party without hearing him or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal. That there must be notice to the party of some kind, actual or constructive, to a valid judgment affecting his rights, is admitted. Until notice is given the court has no jurisdiction, in any case, to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject matter." These are familiar principles, existing before and secured by the fourteenth amendment, and they are sustained by a vast number of adjudicated cases and a wealth of argument and illustration with which it is not necessary to extend a judicial opinion. The cases all hold a consistent rule on this fundamental point. The paramount law of the land condemns the proceeding here in question, and it is impossible to justify or sustain it. We have not been referred to a single adjudicated case which holds that such an order as this is valid, as against the claim of the natural father to the services of his minor child, or as affording any evidence that he has abandoned it. Certainly, nothing is gained by saying that the proceeding is one *quasi in rem*, for, in all such, notice to the party to be affected and bound, either actual or constructive, is absolutely essential. Nor is it material that the order may be set aside on petition, appeal, or *certiorari*. The fact still remains that as to the father the order is a mere nullity and may be disregarded as such whenever and wherever it comes in question as against him or as affecting his rights. But the order in question may well be held valid as against the minor child, as in the case of the commitment to the Industrial School of Milwaukee. *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 328. The judgments and decisions of a judicial tribunal are conclusive and secure against col-

lateral attack only when the tribunal rendering them had jurisdiction of the subject matter and of the parties to be affected by them. By reason of the want of jurisdiction of the person of the plaintiff, the proceeding in question established nothing as against him, and is no evidence that he abandoned his child. That question remains open, therefore, for trial upon the issue tendered by the complaint. No other point was raised or discussed, and it follows that the judgment of the circuit court dismissing the plaintiff's complaint is erroneous, and must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

See note to this case in 21 L. R. A. 483.— REP.

<hr>

