## MRS. M. E. SMALLEY ET AL. V. FREEMAN PAINE ET AL.

### No. 1909. Decided February 24, 1909.

**1.—Statutory Construction—May Equivalent to Must.**

"May" will be held to mean the same as "must" where third persons or the public have an interest in the performance of an official act authorized by language merely permissive. (P. 305.)

**2.—Appeal—Filing Transcript—Waiver of Time.**

In a statute requiring transcripts to be filed in the appellate court within 90 days from the perfecting of appeal, a proviso enacted "that for good cause the court may permit the transcript to be thereafter filed." Held that an agreement by counsel for appellee waiving the time and consenting that it be filed later was good cause, and the court, on motion, should permit the filing. (Pp. 304, 306.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Williamson County.

*W. K. Makemson* and *Nunn & Nunn,* for appell

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third District. The statement and question are as follows:

"There is pending in this court a motion in the above styled cause, made by the appellants and joined in by appellees, in which the request is made that the appellants be permitted to file the transcript in this cause in the Court of Civil Appeals. As a predicate to the hereinafter propounded questions we find the following facts:

"That the transcript or record prepared in this cause was not presented to the clerk of this court for the purpose of being filed within the ninety days time required by law; that prior to the time at which the record was delivered to the clerk of this court, and before the ninety days for filing the same had expired, there was an agreement between appellants and appellees, not in express terms, but what we hold to be substantially to the effect that the appellees would waive the

requirement of the law that the record or transcript should be filed within the ninety days, and in effect agreed that the record could be filed after that time. There is also a written agreement signed by the appellees' attorneys appended to appellant's motion, to the effect that they waive time of filing of transcript, and in effect consent that the same may be filed now. We understand that this written agreement was filed in this court subsequent to the time that the transcript was delivered to the clerk.

"Other than as stated in the above finding, no sufficient reason is given why the transcript was not filed in this court within the ninety days, as required by law. The transcript has not been filed in this court. It is an appeal by appellants from a judgment rendered against them in appellees' favor in the District Court of Williamson County.

"In view of the above facts the Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas the following question:

"Under the statute that requires the transcript to be filed in the Court of Civil Appeals within ninety days from the time of perfecting the appeal, it is permissible for the parties or their attorneys, by agreement, to waive the time in which the law requires the transcript should be filed, and by agreement consent that it may be filed after the expiration of the ninety days, and is such an agreement binding upon the Court of Civil Appeals?"

The statute under which this question arises reads as follows: "Article 1015. In any appeal or writ of error, as provided for in this chapter, the appellant or plaintiff in error shall file the transcript with the clerk of the Courts of Civil Appeals within ninety days from the performance of the appeal or service of the writ of error; provided, that for good cause the court may permit the transcript to be thereafter filed upon such terms as it may prescribe." By the literal terms of this article the power of the court to permit the transcript to be filed is clearly permissive; but the rule in the construction of statutes is universally established in the courts of common law that the word "may" "means *must* whenever third persons or the public have an interest in having the act done, or have a claim *de jure* that the power shall be exercised." (Rains v. Herring, 68 Texas, 468.) The rule has been recognized in other decisions of this court: City of Dallas v. Dallas Street Ry. Co., 95 Texas, 268; Weber v. Rogan, 94 Texas, 62. In the latter case the rule was recognized, but was held not applicable for the reason that another provision of the statute there under consideration made manifest a different intention on part of the legislature. In Mayor v. Marriott, 9 Md., 174, the Supreme Court of Maryland said: "It is a well settled principle that, when a statute confers a power upon a corporation to be exercised for the public good, the exercise of the power is not merely discretionary, but imperative, and the words 'power and authority,' in such case, may be construed duty and obligation." Mr. Justice Swayne, in Rock Island County Sup'rs v. United States, 4 Wall., 435, expresses the idea more fully in these words: "The conclusion to be deduced from the authorities is that,

where power is given to public officers, in the language of the act before us, or in equivalent language, whenever the public interest or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless. In all such cases it is held that the intent of the Legislature, which is the test, was not to devolve a mere discretion, but to impose a positive and absolute duty." See to the same effect: Ex parte Banks, 28 Ala., 28; Tarver v. Commissioners Court, 17 Ala., 527; Johnson v. Pate, 95 N. C., 68. To these other cases from English and American courts, too numerous to cite, may be added, all following the rule. Article 1015 of the Revised Statutes being enacted, in our opinion, for the administration of justice, and being intended to confer a right upon appellants to secure the effect of their appeals, we think the case falls strictly within the principle announced in the cases cited, and especially as laid down in Rock Island County Supervisors v. United States, *supra.*

It seems to us that an agreement by the attorney for appellee, that the transcript may be filed ninety days from the perfecting of the appeal, is "good cause shown," as required by the statute. Certainly the appellee would be estopped to object; and where it does not appear that the time has been so long as to interfere with the orderly business of the Court of Civil Appeals, we do not see that a just objection could be interposed from any other quarter.

We answer the question certified in the affirmative, and it is ordered to be so certified.