STATE ex rel. SHEEDY, Relator, v. DISTRICT COURT
ET AL., Respondents.

(No. 5,278.)

(Submitted March 2, 1923. Decided March 15, 1923.)

[213 Pac. 802.]

*Supervisory Control — Adoption of Children — Step-parent's
Consent of, or Notice, not Necessary.*

Adoption of Children—Consent of Stepfather not Necessary.
    1. *Held,* on supervisory control, that the provision of section 5859,
    Revised Codes of 1921, that a legitimate child cannot be adopted
    without the consent of its "parents," refers only to the lawful father
    and mother by blood, and not to a stepfather or stepmother, and that
    therefore the consent of a stepfather to the adoption of children of
    his deceased wife by their aunt is not necessary.

Same—Notice to Stepfather not Required.
    2. A stepfather is not entitled to notice of proceedings for the
    adoption of children of his deceased wife or to be heard in opposi-
    tion thereto.

APPLICATION for a Writ of Supervisory control by the State
of Montana, on the relation of James M. Sheedy against the
District Court of the Second Judicial District of Montana, in
and for Silver Bow County and the Honorable Jeremiah J.
Lynch, a judge thereof. Proceeding dismissed.

*Messrs. Walker & Walker,* for Relator, submitted a brief;
*Mr. Frank Walker* argued the cause orally.

Citing on the questions treated: 29 Cyc. 1670, 1671; *Dix*
v. *Martin,* 171 Mo. App. 266, 157 S. W. 133; 21 Am. &
Eng. Ency. of Law, 2d ed., 1039; 35 Cyc. 1303; *Magnu-
son* v. *O'Dea,* 75 Wash. 574, 48 L. R. A. (n. s.) 327, 135
Pac. 640; *Eickhoff* v. *Sedalia* W. & S. W. Co., 106 Mo. App.
541, 80 S. W. 966; *Holmes* v. *Derrig,* 127 Iowa, 625, 103
N. W. 973; *Ex parte Flynn,* 87 N. J. Eq. 413, 100 Atl. 861;
2 C. J. 1128; *Schlitz* v. *Roenitz* (Wis.), 21 L. R. A. 483;
*Clark* v. *Bayer,* 32 Ohio St. 299, 30 Am. Rep. 593.

*Messrs. Binnard & Rodger,* for Respondents, submitted a brief; *Mr. Joseph Binnard* argued the cause orally.

Citing: *Denton* v. *James,* 107 Kan. 729, 12 A. L. R. 1146, 193 Pac. 307; *In re Johnson's Estate,* 98 Cal. 531, 33 Pac. 460; *In re Cozza,* 163 Cal. 514, 126 Pac. 161; *Estate of McKeags,* 141 Cal. 403, 90 Am. St. Rep. 80, 74 Pac. 1039; *Coakley's Case,* 216 Mass. 71, Ann. Cas. 1915A, 737, 102 N. E. 930; *In re Santos Estate,* 185 Cal. 127, 195 Pac. 1055; *Leonard* v. *Honisfager,* 43 Ind. App. 607, 88 N. E. 91; *Shirley* v. *Grove,* 51 Ind. App. 17, 98 N. E. 874; *Freeland* v. *Weed* (Ind. App.), 128 N. E. 656; *Allison* v. *Bryan,* 26 Okl. 520, 30 L. R. A. (n. s.) 146, 109 Pac. 934; *Ex parte Wallace,* 26 N. M. 181, 190 Pac. 1020.

MR. JUSTICE STARK delivered the opinion of the court.

This cause is before the court upon application for a writ of supervisory control. From the relator's application, together with the answer of the respondents to an order to show cause heretofore issued and a stipulation of counsel concerning the allegations therein contained, the facts upon which the application is based are as follows:

On the seventh day of October, 1919, Katie O'Neill, a widow with two children, aged five and four years, was united in marriage to the relator, James M. Sheedy, and thereafter took up her abode with him in Harlowton, Wheatland county, where the relator established and maintained a home, into which he received the two children and supported them, and where the parties all resided as a single family until about the eleventh day of July, 1922, when Mrs. Sheedy, the mother of the children, died. Relator took the remains of his late wife to Butte for burial, being accompanied on the journey by the two children. After the funeral services and the interment of the body of the deceased, the relator, with the children, went to the home of Mrs. Teresa Rabben, a sister of his deceased wife and an aunt of the children, at which place the latter were left while he went back to Harlowton to rearrange his household affairs. Having done this, he returned to Butte for the

purpose of getting the children and taking them back to his home. He called for them at the residence of Mrs. Rabben, but she refused to allow him to have them. Thereupon relator filed his petition in the district court of Silver Bow county, Honorable W. E. Carroll, judge of department No. 2, presiding, setting out the facts above recited, and alleging that said minor children were being unlawfully imprisoned and restrained of their liberty by Mrs. Rabben. Having considered the petition, Judge Carroll ordered a writ of *habeas corpus* to issue, directed to Mrs. Rabben, commanding her to have the children before him in the courtroom of said court in department 2 on the twenty-second day of July, 1922, at 2 o'clock P. M., to do and receive what should then and there be done concerning them, together with the cause of their detention.

The writ was duly served upon Mrs. Rabben and at the time commanded she appeared and made a return, setting out that the applicant for the writ of *habeas corpus* was no blood relation to either of said children; that they were the children of her sister; that both their father and mother were dead; that the applicant had not adopted them and was not bound to support them nor was he entitled to their custody; that she was desirous of adopting the children forthwith, and with said return presented her petition praying for an order of adoption. Upon this return a hearing was had upon the merits, both the petitioner and respondent therein being represented by counsel, and the matter was submitted to the court and taken under advisement until September 2, 1922, when an order was made denying the petition for the writ.

The petition for adoption mentioned in the return was duly filed in the office of the clerk of the district court, and no question as to its sufficiency is raised. Prior to August 9, 1922, Judge Carroll was consulted and asked whether he would object to the petition for adoption being taken up before Honorable Jeremiah J. Lynch, judge of another department of the district court of said county, and, Judge Carroll consenting thereto, such proceedings were had upon the petition that on

the ninth day of August, 1922, an order was made by Judge Lynch, adjudging that Mrs. Rabben adopted said minor children; that thenceforth they should be treated by her in all respects as her own lawful children should be treated, including the right of inheritance, and that Mrs. Rabben and the children should thereafter bear toward each other the relation of parent and children. The relator herein was not asked and did not consent to the making of said order of adoption, nor did he have notice of the time and place when and where the same would be presented to Judge Lynch for consideration.

On the —— day of July, 1922, the relator filed a petition for letters of guardianship of the children in the district court of Wheatland county, which was set down for hearing before the court on the 11th day of August, 1922, at 3 o'clock P. M., and on the twenty-seventh day of July, 1922, a notice was issued out of said court, directed to Mrs. Rabben, notifying her of the filing of said petition for letters of guardianship and of the time and place when and where the same would be heard and that she might appear and show cause, if any she had, why letters of guardianship should not be issued to the relator, which notice was served upon Mrs. Rabben by the sheriff of Silver Bow county on August 7, 1922. Objections to the granting of such letters of guardianship to the relator were filed by Mrs. Rabben, setting forth, amongst other things, that on the ninth day of August, 1922, she had duly adopted said children and had likewise on said date been appointed guardian of their persons and estates. The proceedings in Wheatland county were subsequently dismissed without prejudice by the relator.

On the sixth day of October, 1922, the relator filed a petition in the adoption proceedings which had been heard before Judge Lynch in the district court of Silver Bow county, setting forth the facts above recited, praying for the revocation of the order of adoption theretofore made. Upon the filing of this petition an order to show cause was issued, directed to Mrs. Rabben, commanding her to appear and show cause why the order of adoption should not be revoked. In response to this order to

show cause, Mrs. Rabben appeared by counsel and moved to quash and vacate the same on the grounds, amongst others, that the relator was not a blood relative of said minor children, that his consent to their adoption was not necessary, and that he was not entitled to notice of the adoption proceedings or to be heard in objection thereto. This matter was duly heard by Judge Lynch, and on the third day of February, 1923, the motion to quash was sustained, and the petition for revocation of the order of adoption was dismissed.

On the part of the relator it is contended that by reason of [1] the fact that he is the stepfather of the two minor children, and that after his marriage to their mother he had received them into his family and supported them, he stood *in loco parentis* to them and because of this relation became entitled to their custody and control in preference to their aunt, Mrs. Rabben; that his written consent to their adoption was necessary, and that, since it was not given, Judge Lynch did not acquire jurisdiction to make the order of adoption, and, consequently, the order so made is void.

Section 5859, Revised Codes of 1921, provides that a legitimate child cannot be adopted without the consent of its parents, if living, with certain exceptions which are not involved in this proceeding. Section 5846, Revised Codes of 1921, is as follows: ''A husband is not bound to support his wife's children by a former husband; but if he receives them into his family and supports them, it is presumed that he does so as a parent, and, where such is the case, they are not liable to him for their support, nor he to them for their services.''

The word ''as'' means ''like, similar, in the same manner with or in which.'' (Kinney's Law Dictionary; Standard Dictionary.) The word ''parent'' means ''one who generates a child, a father or mother'' (Standard Dictionary); ''the lawful father or mother by blood and not a stepfather or stepmother or one standing *in loco parentis*'' (*Coakley's Case*, 216 Mass. 71, 102 N. E. 930).

432    State ex rel. Sheedy *v.* District Court.    [Mar. T. '23

[66 Mont. 427.]

*Coakley's Case, supra,* is also reported in Ann. Cas. 1915A, 867, and in a note appended thereto it is said: "The few cases wherein the question has been considered are in accord with the reported case in holding that the term 'parent' cannot be construed to include a stepfather or stepmother. Thus, under a statute giving a child a right to recover damages for the death of its 'parent,' it has been held that a child could not maintain an action for the death of its stepfather. (*Marshall* v. *Macon Sash etc. Co.,* 103 Ga. 725, 68 Am. St. Rep. 141, 41 L. R. A. 211, 30 S. E. 571."

In *Thornburg* v. *American Strawboard Co.,* 141 Ind. 446, 50 Am. St. Rep. 334, 40 N. E. 1062, which was an action brought by the stepfather of a minor child to recover damages for the death of the child, the action being instituted under a statute giving to the father, or in some cases the mother, a right of action under such circumstances, the court considered the statute as affording a right of action to the "parent," but held that it could not be extended to include a stepfather.

In *Heinemier* v. *Arlitt,* 29 Tex. Civ. App. 140, 67 S. W. 1038, it was held under a statute relating to the appointment of guardians for infant children and providing that under certain conditions the parents, or one of them, should be entitled to the guardianship, that the word "parent" did not include a stepmother as against the kindred by blood of the infant.

Our conclusion is that the expression "as a parent," as used in section 5846, *supra,* means not that the husband, by receiving the children into his family and supporting them, becomes their "parent" within the meaning of the adoption statute, but merely that he receives and supports them in the same manner in which their lawful father would receive and support them; and likewise, that the requirement of section 5859, *supra,* providing that a legitimate child cannot be adopted without the consent of its "parents," if living, refers only to the lawful father or mother by blood, and not to a stepfather or stepmother.

Relator further urges that, even though his consent to the
[2]    adoption of the children was not required, still he was
entitled to notice of the hearing of the petition and to be heard
in opposition thereto, and that, in the absence of such notice,
the adoption proceeding was invalid.   The cases cited by coun-
sel to sustain this contention have no application here, for the
reason that they refer only to the exceptions contained in sec-
tion 5859, *supra,* which dispense with the necessity of the con-
sent of the parent in certain cases, amongst which are when
he has abandoned the child or been judicially deprived of its
custody on account of cruelty, neglect, *etc.*   When any of
these matters are set out for the purpose of dispensing with
the necessity of the parent's consent, they must, of course, be
established, and the parent whose delinquency is thus alleged
would be entitled to notice and a hearing before such allega-
tions could be determined against him.   (*Schlitz* v. *Roenitz,* 86
Wis. 31, 39 Am. St. Rep. 873, 21 L. R. A. 483, 56 N. W. 194.)

An examination of our statutes, so far as they are here in-
volved, discloses that they do not contemplate any adversary
proceeding.   They require only the consent of the parents, if
living.   To hold that notice is required to be given to others
would be to read into them something which they do not con-
tain, and this may not be done.   (Rev. Codes 1921, sec. 10519.)
Under statutes similar to ours it has been held that notice to,
or the consent of, the guardian of a minor is not required in
a proceeding for his ward's adoption.   (*In re Santos,* 185 Cal.
127, 195 Pac. 1055; *Leonard* v. *Honisfager,* 43 Ind. App. 607,
88 N. E. 91; *Shirley* v. *Grove,* 51 Ind. App. 17, 98 N. E. 874;
*Freeland* v. *Weed,* 75 Ind. App. 273, 128 N. E. 656.)   For
many purposes the legal guardian of a minor stands *in loco
parentis* to his ward by virtue of his appointment; he has the
custody and care of the education of the minor and the care
and management of his estate, until such minor arrives at the
age of majority or marries, or until the guardian is legally
discharged.   (Rev. Codes 1921, sec. 10407.)   If, clothed with
these duties and prerogatives, he is not entitled to notice of

adoption proceedings, with much stronger reasoning may it be said that one who stands only temporarily *in loco parentis* is not entitled to such notice.

In view of what has been said above, we have no hesitancy in saying that neither relator's consent to the adoption of the minor children in question was necessary, nor was he entitled to notice of the hearing under the statute, and that, upon the filing of the petition for adoption and its presentation to Judge Lynch, he acquired jurisdiction to proceed in the matter and make the order of adoption.

The writ is denied, and the proceeding dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.