In re Adoption of Bascom.

BASCOM, Appellant, v. CARPENTER, et al., Respondents.

No. 9151.

Submitted April 30, 1952. Decided June 28, 1952.

As Amended July 5, 1952. Rehearing Denied July 18, 1952.

246 Pac. (2d) 223.

130

Mr. Melvin N. Hoiness, Billings, for appellant.

Mr. Kenneth R. L. Simons, Mr. Bruce L. Beatty, Billings, for respondents.

Submitted on briefs.

MR. CHIEF JUSTICE ADAIR:

In 1931 Geraldine L. Bascom and William C. Bascom intermarried at Miles City, Montana. No children were born of this marriage but after a number of years had elapsed the couple duly adopted a female child born April 12, 1946, at Bremerton, Washington, whom they named Cherianne Kay Bascom.

In August 1948, in the district court of Yellowstone county, Geraldine L. Bascom brought suit for divorce against William C. Bascom, on the grounds of extreme cruelty. She also asked for the care and custody of the adopted child and for a monthly allowance for the support and maintenance of such child.

On October 20, 1948, William C. Bascom as first party, and Geraldine L. Bascom, as second party, entered into a written separation agreement wherein they provided for the support of

Cherianne; for an immediate separation and for the final settlement of their property rights. The agreement provides that the husband will pay for the support of the wife, $1,000 payable at the rate of $40 per month until the full sum is paid and that the husband will pay $30 per month for the support of Cherianne, commencing November 1, 1948, and continuing until she becomes of age, unless she sooner marry, in which event the payments shall terminate. The agreement further provides that the wife, as second party, have the custody of Cherianne, "provided, however, that the party of the first part shall have the right to see and visit the child at all reasonable times and places and in addition shall have the privilege of taking the child with him to visit his family, and on occasions he shall have the child for the time necessary to make such visits, not exceeding, however, three days." The agreement also provides for the payment to the wife of $1,500 cash for her interest in certain property therein described.

On October 20, 1948, being, the same date on which the separation agreement was executed, a decree of divorce was made and entered containing the same provisions for the support of the wife and adopted child as are set forth in the separation agreement.

On November 26, 1949, Geraldine L. Bascom and one C. M. Carpenter intermarried at Havre, Montana.

On January 6, 1950, the district court of Yellowstone county made an order modifying the original decree of divorce by striking therefrom the provisions providing for the payment to the wife of $40 per month for a period of 25 months but no change was made as to the provisions of the decree requiring the husband to pay $30 per month for the support of the minor child Cherianne, until she either married or became of age.

On February 6, 1950, there was filed in the district court of Yellowstone county, the petition of C. M. Carpenter and Geraldine L. Carpenter, his wife, seeking an order authorizing the adoption by them of said Cherianne Kay Bascom. On the same day there was filed in said court a written consent to

such adoption executed by Geraldine L. (Bascom) Carpenter and petitioners' written agreement to adopt the child which also recites that ''the consent of the father, William C. Bascom, not being necessary by reason of his having been adjudged guilty of extreme cruelty on the 20th day of October, 1948, in the decree made and filed on said date.'' Thereupon and on the same day, February 6, 1950, the judge of said court, without any notice whatever to said William C. Bascom, made and entered an order of adoption declaring said Cherianne Kay Bascom adopted by C. M. Carpenter and Geraldine L. Carpenter, as their lawful child under the name of Cherianne Kay Carpenter.

On July 21, 1950, William C. Bascom by and through his attorney served and filed in said district court his written notice of motion to vacate and set aside said order of adoption together with his affidavit stating that he had neither knowledge nor notice of said petition for adoption; that he did not consent to the adoption by the Carpenters, and challenging the jurisdiction of the court to make the order of adoption and seeking to have same set aside as null and void.

On August 1, 1950, and prior to the hearing on said motion of William C. Bascom that day held, the respective parties entered into and filed in said court a stipulation admitting the facts as recited in Bascom's affidavit and also conceding: ''That in pursuance of said decree the said William C. Bascom has made payments for the support of Cherianne Kay Bascom and complied with all of the provisions of said decree.''

By order entered April 2, 1951, the district court denied Bascom's motion to vacate and set aside the adoption order of February 6, 1950. This is an appeal from the order so entered.

The question of law presented is whether under the undisputed facts shown by the record in this case a parent who has been divorced on the grounds of extreme cruelty is entitled to notice of an adoption proceeding thereafter instituted by his divorced wife and by her husband by a later marriage.

R. C. M. 1947, sec. 61-134, provides: ''A child, when adopted,

may take the family name of the person adopting. After adoption, the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation."

Section 5859, R. C. M. 1935, now R. C. M. 1947, sec. 61-130, so far as here material, prior to its amendment by Chapter 115, Laws of 1941, reads as follows: "Consent of Child's Parents. A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living; except that consent is not necessary from a father or mother deprived of civil rights, or adjudged guilty of adultery or of cruelty, and for either cause divorced, or adjudged to be an habitual drunkard, or who has been judicially deprived of the custody of the child on account of cruelty or neglect, or who has, in this or any other State, wilfully abandoned a child * * *."

Chapter 115, Laws of 1941, amended the above statute (sec. 5859) and, *inter alia,* added a provision for giving notice to parents *whose consent was required.*

Section 5859, R. C. M. 1935, was further amended by Chapter 51, Laws of 1947, which, in part, reads: "Whenever the adoption of a child, whether legitimate or illegitimate, is sought in any petition for adoption, and the case is one in which the consent of the parent is not required, the court *may,* upon the filing of such petition, cause service of process to be made on the parent or parents of the child in the following manner." (Emphasis supplied.)

In State ex rel. Sheedy v. District Court, 66 Mont. 427, 433, 213 Pac. 802, 804, decided in March 1923, and before the amendments to section 5859, R. C. M. 1935, this court, in considering the petition of a stepfather of two children of his divorced wife for the revocation of an order of adoption by the sister of such divorced wife, then deceased, considering the provisions of section 5859, R. C. M. 1935, dispensing with the notice to, and of the consent of a parent in cases where the parent had been deprived of the child's custody on account of cruelty,

neglect or abandonment said: "When any of these matters are set out for the purpose of dispensing with the necessity of the parent's consent, they must, of course, be established, and the parent whose delinquency is thus alleged would be entitled to notice and a hearing before such allegations could be determined against him. Schiltz v. Roenitz, 86 Wis. 31, 56 N. W. 194, 21 L. R. A. 483, 39 Am. St. Rep. 873.''

The rule last above quoted applies in the instant case, although in the Sheedy case, supra, it was held inapplicable to a step-father who was neither the natural nor the adopted father of the children. The rule so announced in the Sheedy case, supra, was followed in State ex rel. Thompson v. District Court, 75 Mont. 147, 151, 242 Pac. 959, 960, decided in 1926, where an order of adoption was made without notice thereof to the child's mother who was alleged to have abandoned the child. The order was annulled as void. There the court said: "It follows that notice to the mother was indispensable, and unless she had notice, the order of adoption is void. State ex rel. Sheedy v. District Court, 66 Mont. 427, 213 Pac. 802. The decided cases sustaining this rule are too numerous to be cited here. They will be found collected in a note to 24 A. L. R. 416, 422.'' See Grave-lin v. Porier, 77 Mont. 260, 278, 250 Pac. 823, 828, decided in 1926; and State ex rel. Sheble v. District Court, 92 Mont. 411, 412, 15 Pac. (2d) 238, decided in 1932.

The California court in construing section 224, Civil Code of California, which, prior to its amendment in 1943, was the same as section 61-130, R. C. M. 1947, prior to its amendment in 1941 and 1947 cites the Thompson case, supra, in In re Hampton's Estate, Cal. App., 127 Pac. (2d) 38, 48, and in In re Hampton's Estate, 55 Cal. App. (2d) 543, 131 Pac. (2d) 565, 576.

In 1 Am. Jur., Adoption of Children, p. 644, sec. 44, it is said: "The existence of the facts rendering consent unnecessary, though alleged in the petition, must be judicially determined, and notice is therefore an essential prerequisite to a valid decree and a cutting off of the parent's rights, for even where the

parents, by their wrongful neglect or criminal conduct, have forfeited their right to give or withhold consent, it does not necessarily follow that they are not entitled to notice. It is certainly just that they should have an opportunity to be heard concerning the expediency of the adoption, though they are incapable of preventing it, and it is still more necessary that they should have notice that they may be heard upon the question whether they are in a position to give or withhold their consent to the decree, or have deprived themselves of their rights. So, although no notice may be specified by statute in cases where the rights of the parent have been forfeited by abandonment or other misconduct, notice will ordinarily be required in order to bind the parent on the question of such abandonment or misconduct.''

In view of the above cited Montana cases decided prior to 1947 holding that notice of adoption should be given to the parent even though divorced on the grounds of cruelty or abandonment the legislature evidently decided that said section 5859, R. C. M. 1935, should be amended by providing the procedure for giving such notice and by Chapter 115, Laws of 1941, added a provision to said section providing for notice where the consent of a parent is required, and then by Chapter 51, Laws of 1947, again amended said section to provide for notice in cases where the consent of the parent was not required.

Respondent contends that under the last amendment the words, ''the court may, upon the filing of such petition, cause service of process to be made on the parent'', cannot be construed as ''must'' and is not mandatory on the court. However, it must be remembered that here the father was fully discharging his obligations to his adopted daughter. He was contributing to her support in the amount provided in the decree at the time of filing the petition for adoption by his wife's second husband. Under the decree the father was accorded the right to visit his adopted daughter at any reasonable time and he also had the right to take her to visit his family at any time for periods of not to exceed three days. Thus did he have

136

a *limited custody and right* over the child and he was obligated to, and did contribute largely to her support so that his rights, duties, obligations and interests were involved in the adoption proceedings so instituted by his divorced wife and her new husband.

In Simpson v. Winegar, 122 Or. 297, 258 Pac. 562, 563, the ▉ court said: "It is well settled that, where even the word 'may' is used, and the rights of the public or of a third party are affected, the language is mandatory, and must be strictly obeyed. In Kohn v. Hinshaw, 17 Or. 308, 311, 20 Pac. 629, 631, Mr. Justice Strahan said: ' * * * It is a general principle in statutory construction that, where the word "may" is used in conferring power upon an officer, court, or tribunal, and the public or a third person has an interest in the exercise of the power, then the exercise of the power becomes imperative.' " To the same effect see also Smalley v. Paine, 102 Tex. 304, 116 S. W. 38, 39; Frye v. South Phoenix Volunteer Fire Co., 71 Ariz. 163, 224 Pac. (2d) 651, 654; Montana Ore Purchasing Co. v. Lindsay, 25 Mont. 24, 27, 63 Pac. 715, 716; State ex rel. Stiefel v. District Court, 37 Mont. 298, 304, 96 Pac. 337; State ex rel. Interstate Lumber Co. v. District Court, 54 Mont. 602, 605, 172 Pac. 1030; State ex rel. Case v. Bolles, 74 Mont. 54, 66, 238 Pac. 586; Colbert Drug Co. v. Electrical Products Consolidated, 106 Mont. 11, 14, 74 Pac. (2d) 437; Thomas v. Cloyd, 110 Mont. 343, 347, 100 Pac. (2d) 938; Hansen v. City of Havre, 112 Mont. 207, 217, 114 Pac. (2d) 1053, 135 A. L. R. 1278.

It is clear to us under the authorities above cited that under ▉ R. C. M. 1947, sec. 61-130, as amended in 1947, William C. Bascom had regularly adopted the minor child, Cherianne Kay Bascom, and was entitled to notice of the filing of the petition for her adoption by his former wife and her new husband, thus affording him the opportunity to be heard and to show cause, if any he had, why the order for such adoption depriving him of his rights and interests in his child under the decree of divorce should not be made.

The order of adoption so made without notice to the father,

William C. Bascom, the movant, is void as to him, under the statute as amended and such order is therefore annulled. See R. C. M. 1947, sec. 61-132; State ex.rel. Thompson v. District Court, supra; State ex rel. Sheble v. District Court, supra.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREE-BOURN and ANGSTMAN, concur.